1  C. D. Michel – SBN 144258
   cmichel@michellawyers.com
2  Sean A. Brady – SBN 262007
   sbrady@michellawyers.com
3  Konstadinos T. Moros – SBN 306610
   kmoros@michellawyers.com
4  MICHEL & ASSOCIATES, P.C.
   180 E. Ocean Blvd., Suite 200
5  Long Beach, CA 90802
   Telephone: (562) 216-4444
6  Facsimile:   (562) 216-4445

7  Donald Kilmer-SBN 179986
   Law Offices of Donald Kilmer, APC
8  14085 Silver Ridge Road
   Caldwell, Idaho 83607
9  Telephone: (408) 264-8489
   Email: Don@DKLawOffice.com
10
   Attorneys for Plaintiffs
11
                 **UNITED STATES DISTRICT COURT**
12
                **CENTRAL DISTRICT OF CALIFORNIA**
13
                      **SOUTHERN DIVISION**
14
15  RENO MAY, an individual;                  Case No.: 8:23-cv-01696 CJC (ADSx)
    ANTHONY MIRANDA, an individual;
16  ERIC HANS, an individual; GARY            **DECLARATION OF MORIS**
    BRENNAN, an individual; OSCAR A.          **DAVIDOVITZ IN SUPPORT OF**
    BARRETTO, JR., an individual;             **PLAINTIFFS' MOTION FOR**
17  ISABELLE R. BARRETTO, an                  **PRELIMINARY INJUNCTION**
    individual; BARRY BAHRAMI, an
18  individual; PETE STEPHENSON, an           **42 U.S.C. §§ 1983 & 1988**
    individual; ANDREW HARMS, an
19  individual; JOSE FLORES, an               Hearing Date:     December 4, 2023
    individual; DR. SHELDON HOUGH,            Hearing Time:     1:30 p.m.
20  DDS, an individual; SECOND                Courtroom:        9 B
    AMENDMENT FOUNDATION; GUN                 Judge:            Hon. Cormac J. Carney
21  OWNERS OF AMERICA; GUN
    OWNERS FOUNDATION; GUN
22  OWNERS OF CALIFORNIA, INC.;
    THE LIBERAL GUN CLUB, INC.; and
23  CALIFORNIA RIFLE & PISTOL
    ASSOCIATION, INCORPORATED,
24
                  Plaintiffs,
25        v.

26  ROBERT BONTA, in his official
    capacity as Attorney General of the
27  State of California, and DOES 1-10,

28              Defendants.

                    DECLARATION OF MORIS DAVIDOVITZ

## <u>DECLARATION OF MORIS DAVIDOVITZ</u>

I, Moris Davidovitz, declare as follows:

1.     I am a resident of Marin County, California, and make this Declaration stating my personal knowledge of the following set forth herein.

2.     I am an adult, age 71, who is not prohibited from owning firearms under the laws of the United States of America or the State of California. I have never been found by any law enforcement agency, any court, or any other government agency to be irresponsible, unsafe, or negligent with firearms in any manner. I have received more than sixteen hours of instruction in the safe use of firearms including handguns and the laws of California regarding the possession and use of firearms including handguns. I have many hours of live fire practice with firearms including handguns. The instruction including live fire instruction I have received includes concealed carry defensive use of handguns.

3.     I am an attorney licensed to practice in California state courts since December 1976.  I also have been admitted to practice in other courts, including the United States District Court for the Central District of California, the United States Ninth Circuit Court of Appeal, and the United States Supreme Court. I am rated by Martindale-Hubbell "Judicial Preeminent AV". I have volunteered to courts, as an appointed mediator for the Sonoma Superior Court and for the Sacramento Superior Court, and as a pro tem settlement judge for the San Francisco Superior Court. I currently practice law in two law firms: as an employee in the Cooper & Scully, P.C. office located in San Francisco, California and as the owner of Davidovitz + Bennett located in Marin County, California.

4.     I have a valid and current License to Carry Concealed Weapon Within the State of California ("CCW"), for three handguns, issued by the Marin County Sheriff. The "Reason For License" stated on that CCW is "protection".  As I had communicated to the Marin County Sheriff during the interview process for my application for a CCW, my primary reason for obtaining a CCW was for the

1

protection of myself, my spouse of some 47 years who is age 70, and my minor grandchildren who reside nearby ages 3 through 10.

5.     SB 2 would prohibit me from carrying a concealed handgun in many places where I desire to carry in order to protect and defend myself, my spouse, and my minor grandchildren in the event of an imminent threat to life or serious bodily harm, as detailed below. As such, SB 2 would effectively and practically strip away that protection and defense.

6.     My spouse and I have reduced our work schedules to permit us more time for activities together, with friends, and with our grandchildren. We increasingly enjoy such activities as going to restaurants, movie theatres, the San Francisco ballet, the San Francisco symphony, and more throughout urban areas such as in San Francisco, Oakland, and Berkeley. Participating in such activities involves our driving to the locations, parking our car sometimes in a parking garage, and walking in streets to and from the activity.

7.     SB 2 would prohibit me from carrying a concealed handgun during such events in order to protect and defend my spouse. Absent a sign granting permission, I would not be able to carry a concealed handgun into a parking garage, moreover I do not see how I could practically determine in advance whether a parking garage was posting a sign with permission. Also, I could not carry a concealed handgun while walking the streets to and from a restaurant because almost every restaurant I am familiar with serves alcoholic beverages of some kind, so that SB 2 would prohibit me from carrying a concealed handgun into a restaurant. Also, I could not carry a concealed handgun while walking the streets to and from the San Francisco ballet or the San Francisco symphony because from my personal experience there those venues serve alcoholic beverages during intermission, so that SB 2 would prohibit me from carrying a concealed handgun into those venues. I accompany my spouse shopping in a mall area and supermarkets which have multiple points of entry; I cannot see how I could

2

DECLARATION OF MORIS DAVIDOVITZ

practically examine each entry point for the presence of a sign in some undefined location granting permission for entry with firearms before entering the mall or supermarket with my spouse, which would tend to dissuade me from carrying a concealed handgun to any mall or supermarket. I would no longer feel safe going to the Orpheum Theatre in San Francisco without the ability to carry a concealed handgun because attending there means parking in and walking in a section of San Francisco known as the "Tenderloin", which is an area exhibiting open air drug use and aggressive conduct in the public streets. Also, in my experience movie theatres are more and more serving alcoholic beverages to encourage attendance (for example, the Rafael Film Center in San Rafael, the AMC Kabuki in San Francisco, the Castro Theatre in San Francisco), so that SB 2 would prohibit me from protecting my spouse by carrying a concealed handgun into or walking in the streets to and from such movie theatres, because SB 2 would prohibit me from carrying a concealed handgun in such venues.

8.     I often (usually each week) provide childcare to my four grandchildren, ages 3 to 10, who reside close to me. They are in households where both parents work, and so their parents rely on me and my spouse to provide childcare including transportation for each of the grandchildren. I take very seriously my responsibility to protect my grandchildren (and other minor children who may from time to time be in my care): I have current certification by the American Red Cross in Adult and Pediatric First Aid/CPR/AED, and by the American Heart Association in Basic Life Support. In my car I carry a first aid kit which includes equipment for trauma care. My mobile phone has applications for poison control, first aid, and locating hospital emergency rooms.

9.     The childcare I provide includes transportation, such as to athletic events (soccer practice and games for the 10 year old grandson), parks with playgrounds for all of the children, toy stores and book stores for certain grandchildren, and therapy sessions for certain grandchildren who have special

3

needs. Sometimes the grandchildren want to stop into an ice cream store or get a soft drink from a convenience store.  Participating in such activities involves driving to the locations, parking my car sometimes in a parking garage, and walking in streets to and from the activity. SB 2 would prohibit me from carrying a concealed handgun during such events in order to protect and defend my grandchildren. Absent a sign granting permission, I would not be able to carry a concealed handgun into a parking garage, moreover I do not see how I could practically determine in advance whether a parking garage was posting a sign with permission. SB 2 would prohibit me from carrying a handgun while walking with my grandchildren to and from a playground, an athletic event, a toy store, a book store, an ice cream store, a therapy facility, a shopping mall,  and certainly a convenience store as they sell alcoholic beverages. As happens with young children, on occasion while driving them a grandchild urgently needs to use a restroom, which means quickly entering a restaurant or a convenience store at a gas station; SB 2 would prohibit me from such entry with a concealed handgun as those locations serve or sell alcoholic beverages, so at very best SB 2 would require that in the presence of and observation by my grandchildren I unholster a holstered concealed handgun and then lock the handgun in the rear of my car (and then, on return to my car, reverse the process, again in the presence of and observation by my grandchildren).  I do not wish to expose my young grandchildren to the handling of handguns and to respond to their inevitable curiosity  about handgun handling, so the restrictions resulting from SB 2 would tend to dissuade me from the exercise of my Constitutional right to bear arms for my defense and the defense of my grandchildren.

10.    SB 2 also would restrict me from the exercise of my Constitutional right to bear arms for my own defense, in connection with my travel as part of my providing services as an attorney. To access my law office at the law firm Cooper & Scully, P.C. in San Francisco I drive from my home in Marin County to San

4

Francisco and park my car in a certain parking garage where I have received a security clearance to park, and then walk the public streets to the law office. That garage does not post permission to enter with firearms, so SB 2 would prohibit me from carrying a concealed handgun in that garage and so I would not have access to a concealed handgun to walk the public streets to and from my law office in San Francisco. Further, as part of my law practice with the law firm of Davidovitz + Bennett, I provide legal assistance without a fee charge to persons, often in San Francisco, who have modest legal problems who are not in a position to retain an attorney for assistance with such legal problems. Davidovitz + Bennett does not have an office in San Francisco, so that in order to meet with such clients I often must meet the person in a restaurant in San Francisco convenient to their location. SB 2 would prohibit me from carrying a concealed handgun while walking the public streets to or from such a location, or in such a location because it serves alcoholic beverages.

11.    I feel that SB 2 is a pernicious restriction on the free practice of my Jewish religious faith, to the extent that I believe the free exercise of religious faith includes the exercise of the Constitutional right to protect oneself, one's family, and one's parishioners in the practice of one's religious faith. I am aware of Mr. Doug Imhoff, the husband of Vice-President Harris, at a roundtable on antisemitism at the White House in December 2022, warning of an "epidemic of hate facing our country." I am aware of a May 2023 report by the Anti-Defamation League of an audit showing in 2022 a 36% increase over 2021 of reported incidents of antisemitic assault, harassment and vandalism in the United States, and which is the largest number of incidents against Jews in the U.S. since the organization began its assessments in 1979.  I am aware of the recent deaths and injuries by a gunman at the Tree of Life synagogue in Pittsburg, and reports of law enforcement preventing serious threats against Jewish communities. I therefore have concern over the safety of myself, my family, and my parishioners attending religious services in my

DECLARATION OF MORIS DAVIDOVITZ

community synagogue Rodef Shalom, especially during the Jewish High Holy Days where hundreds congregate in one location in observance. That synagogue does not post a sign granting permission to enter with firearms, moreover during the Jewish High Holy Days because of hundreds of congregants the synagogue uses the Marin County Civic Center for observance. The Civic Center may qualify as a government building or a commercial building, which I understand would be a prohibited area under SB 2. Thus, SB 2 would prohibit my carrying a concealed handgun for protection in my community synagogue or for religious services held at the Civic Center, including the ability to carry a concealed handgun while walking to or from religious services.

12. Until recently when I heard about the passage of SB 2, I was not involved in any associations promoting Second Amendment rights or "gun rights", nor active in those issues. With the passage of SB 2, however, I want a recognized association to advocate for me against what I feel to be the unconstitutional restrictions imposed by SB 2 on me in the protection of myself, my family, and others, so I have become a member of the California Rifle and Pistol Association, a Plaintiff in the action herein. I support Plaintiff California Rifle and Pistol Association advocating on my behalf in this action.

13. To the limited extent I am able to carry a concealed handgun anymore under the restrictions imposed on me by SB 2, it will be necessary for me either to subject my handgun to theft by more frequently leaving it in my vehicle (a Chevrolet Bolt, with a hatchback not including a locked trunk) while parked away from my home or else be dissuaded from even bringing my handgun. As a responsible, law-abiding person, this increased risk of theft of my handgun because of the effect of SB 2 I feel to be a chilling effect on what limited concealed carrying ability may be left to me from the application of SB 2 restrictions.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and was executed on September 29, 2023, in

6

DECLARATION OF MORIS DAVIDOVITZ

1    Greenbrae, California.

2

3

4                                              _____
                                               Moris Davidovitz, declarant
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MORIS DAVIDOVITZ

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *May, et al. v. Bonta*
Case No.: 8:23-cv-01696 CJC (ADSx)

IT IS HEREBY CERTIFIED THAT:

      I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

      I am not a party to the above-entitled action. I have caused service of:

**DECLARATION OF MORIS DAVIDOVITZ IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Email: Robert.Meyerhoff@doj.ca.gov
    *Attorney for Defendant*

      I declare under penalty of perjury that the foregoing is true and correct.

Executed September 29, 2023.

Laura Palmerin

CERTIFICATE OF SERVICE