1    C. D. Michel – SBN 144258
     cmichel@michellawyers.com
2    Sean A. Brady – SBN 262007
     sbrady@michellawyers.com
3    Konstadinos T. Moros – SBN 306610
     kmoros@michellawyers.com
4    MICHEL & ASSOCIATES, P.C.
     180 E. Ocean Blvd., Suite 200
5    Long Beach, CA 90802
     Telephone: (562) 216-4444
6    Facsimile:   (562) 216-4445

7    Donald Kilmer-SBN 179986
     Law Offices of Donald Kilmer, APC
8    14085 Silver Ridge Road
     Caldwell, Idaho 83607
9    Telephone: (408) 264-8489
     Email: Don@DKLawOffice.com
10
     Attorneys for Plaintiffs

11

## UNITED STATES DISTRICT COURT

12

## CENTRAL DISTRICT OF CALIFORNIA

13

## SOUTHERN DIVISION

14

| | |
|---|---|
| 15 RENO MAY, an individual; ANTHONY MIRANDA, an individual; | Case No.: 8:23-cv-01696 CJC (ADSx) |
| 16 ERIC HANS, an individual; GARY BRENNAN, an individual; OSCAR A. | **DECLARATION OF RENO MAY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| 17 BARRETTO, JR., an individual; ISABELLE R. BARRETTO, an | |
| 18 individual; BARRY BAHRAMI, an individual; PETE STEPHENSON, an | **42 U.S.C. §§ 1983 & 1988** |
| 19 individual; ANDREW HARMS, an individual; JOSE FLORES, an | Hearing Date:      December 4, 2023 |
| 20 individual; DR. SHELDON HOUGH, DDS, an individual; SECOND | Hearing Time:      1:30 p.m. |
| 21 AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA; GUN | Courtroom:         9 B |
| 22 OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; | Judge:             Hon. Cormac J. Carney |
| 23 THE LIBERAL GUN CLUB, INC.; and CALIFORNIA RIFLE & PISTOL | |
| 24 ASSOCIATION, INCORPORATED, | |
| 25                    Plaintiffs, | |
|                        v. | |
| 26 ROBERT BONTA, in his official | |
| 27 capacity as Attorney General of the State of California, and DOES 1-10, | |
| 28                    Defendants. | |

DECLARATION OF RENO MAY

## DECLARATION OF RENO MAY

1.  I, Reno May, am a plaintiff in the above-entitled action. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2.  I am a current resident of Sonoma County, California.

3.  I am a law-abiding adult who is not prohibited from owning firearms under the laws of the United States of America or the state of California. I have never been found by any law enforcement agency, any court, or any other government agency to be irresponsible, unsafe, or negligent with firearms in any manner. I am a member of the California Rifle & Pistol Association, another plaintiff in this matter.

4.  I have a valid and current California concealed carry weapon ("CCW") permit issued by the Sonoma County Sheriff's Department.

5.  I legally carry a concealed firearm with me on a daily basis, so that I may be armed and be able to defend myself, my wife, and potentially others in the event of a life-threatening emergency situation. Prior to SB 2, I only didn't carry my pistol when planning on going to one of the few places where carry was not permitted, such as a school or courthouse, or when I intended to have a drink with dinner.

6.  Because SB 2 will prohibit me from carrying in many places where I am accustomed to concealed carrying a firearm, the utility of my CCW permit, and thus my right to be armed for self-defense in public, will be outright eliminated in nearly all common contexts.

7.  For example, under SB 2 I cannot carry in any establishment where alcohol is served, even if I do not intend to drink. That means I cannot conceal carry at most of the restaurants that I patronize on a regular basis, nor can I even carry in the parking area of such an establishment. Under SB 2, I also cannot carry at the Santa Rosa mall that I often visit because there is a fitness center there as well as restaurants that serve alcohol, making the mall and its parking lot out of bounds under SB 2.

1

DECLARATION OF RENO MAY

8.  Those two provisions of SB 2 are hardly the only two that will impact me. I can't carry while I stop at a gas station to fill up my car, because most gas stations sell lottery tickets inside, making them off-limits for carry. Under SB 2, carry is also prohibited at urgent care facilities which I have utilized in the past for medical attention and would use in the future. Carry is also prohibited at financial institutions such as my local bank that I frequent, and a variety of other places that I regularly visit.

9.  Perhaps most significantly, under SB 2, concealed carry is prohibited at any privately owned commercial establishment that does not affirmatively display notice that the establishment tolerates concealed carry at the establishment's premises. There are many local businesses that I frequent that will likely not post such signs, forcing me to either not carry there or stop patronizing them. Even the ones that are willing to post such signs may be off limits for other reasons. For example, Sportsmans Arms, my local gun dealer, shares a parking lot with several other businesses, including an establishment that serves alcohol. Because of that, I cannot carry so much as in the parking lot that is necessary to cross to get to Sportsmans Arms, even if Sportsmans Arms puts up a sign permitting carry.

10. Under SB 2, I can no longer continue to carry at the gym where I regularly work out. Even if that gym posts a sign allowing legal carry, it likely qualifies as an "athletic facility" under SB 2.

11. SB 2 also affects my carry rights when I travel. My wife and I visit San Francisco often, and I have carried on the BART trains several times. Having seen the news, I know crimes on BART have become more common, and I want to be prepared to defend my wife as well as myself in the event of such an attack. SB 2 bars me carrying on BART in the future, because it restricts carry on public transportation.

12. These are, of course, just a few examples of how SB 2 will affect me, and as I go about my daily life, I am sure to discover several more. SB 2 will essentially

2

destroy my constitutional right to carry, as so few of the places I go to on a daily basis will permit carry, and I don't want to expose my firearm to theft by constantly leaving it in my vehicle. But for SB 2 and my fear of criminal prosecution, I would continue to carry in all of these places as I did before the law took effect.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2023.

_____

Reno May, declarant

3

DECLARATION OF RENO MAY

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *May, et al. v. Bonta*
Case No.: 8:23-cv-01696 CJC (ADSx)

IT IS HEREBY CERTIFIED THAT:

      I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

      I am not a party to the above-entitled action. I have caused service of:

**DECLARATION OF RENO MAY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Email: Robert.Meyerhoff@doj.ca.gov
     *Attorney for Defendant*

      I declare under penalty of perjury that the foregoing is true and correct.

Executed September 29, 2023.

Laura Palmerin