C. D. Michel – SBN 144258
cmichel@michellawyers.com
Sean A. Brady – SBN 262007
sbrady@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile:　 (562) 216-4445

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| RENO MAY, an individual; ANTHONY MIRANDA, an individual; ERIC HANS, an individual; GARY BRENNAN, an individual; OSCAR A. BARRETTO, JR., an individual; ISABELLE R. BARRETTO, an individual; BARRY BAHRAMI, an individual; PETE STEPHENSON, an individual; ANDREW HARMS, an individual; JOSE FLORES, an individual; DR. SHELDON HOUGH, DDS, an individual; SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; THE LIBERAL GUN CLUB, INC.; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,<br><br>　　　　　　Defendants. | Case No.: 8:23-cv-01696 CJC (ADSx)<br><br>**DECLARATION OF DR. SHELDON HOUGH IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**42 U.S.C. §§ 1983 & 1988**<br><br>Hearing Date:　December 4, 2023<br>Hearing Time:　1:30 p.m.<br>Courtroom:　　9 B<br>Judge:　　　　Hon. Cormac J. Carney |

DECLARATION OF DR. SHELDON HOUGH

## DECLARATION OF DR. SHELDON HOUGH

1. I, Sheldon Hough, am a plaintiff in the above-entitled action. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. I am a current resident of San Bernardino County, California.

3. I am a law-abiding adult who is not prohibited from owning firearms under the laws of the United States of America or the state of California. I have never been found by any law enforcement agency, any court, or any other government agency to be irresponsible, unsafe, or negligent with firearms in any manner. I am a member of the California Rifle & Pistol Association, another plaintiff in this matter.

4. I am a veteran who served four years as a Navy Corspsman (medic) attached to the Marines during the Vietnam war. I graduated from the USC School of Dentistry in 1980. I am the President of the board of Hi-Desert Water District (a special district in the State of California). I have served on that board for 17 years and this is the second 4-year election cycle where I was re-elected unopposed. I am the former President of the Rotary Club of Yucca Valley.

5. I have a valid and current California concealed carry weapon ("CCW") permit issued by the San Bernardino County Sheriff's Department.

6. I legally carry a concealed firearm with me on a daily basis, so that I may be armed and be able to defend myself and potentially others in the event of a life-threatening emergency situation. Prior to SB 2, I only didn't carry my pistol when planning on going to one of the few places where carry was not permitted, such as a school or courthouse.

7. Because SB 2 would prohibit me from carrying in many places where I am accustomed to concealed carrying a firearm, the utility of my CCW permit, and thus my right to be armed for self-defense in public, will be outright eliminated in nearly all common contexts.

8. For example, under SB 2 I cannot carry in any establishment where alcohol is

served. My wife and I have been married since 1970 and have made a commitment to never drink. That means I cannot conceal carry at most of the restaurants that I patronize on a regular basis, nor can I even carry in the parking area of such establishments, even though there is absolutely zero risk of me becoming intoxicated while carrying.

9. Those two provisions of SB 2 are hardly the only two that will impact me. I can't carry while I stop at a gas station to fill up my car, because most gas stations sell lottery tickets inside, making them off-limits for carry. Under SB 2, carry is also prohibited at urgent care facilities which I have utilized in the past for medical attention and would use in the future. Carry is also prohibited at financial institutions such as my local bank that I frequent, and a variety of other places that I regularly visit.

10. I run a dental office in the Yucca Valley and have practiced dentistry since 1981. For many years now, I have carried while at work for my own safety and the safety of my staff. SB 2 insultingly took away my right to carry in my own clinic due to its prohibitions on carrying in medical facilities.

11. I assume that many of my patients legally carry as well, as many people in San Bernardino County have CCW permits. I have no issue with peaceable people carrying into my dental office. Yet now, under SB 2, if I want to continue to allow people to do so, I must put up a sign on my door affirmatively allowing concealed carry. This forces my business to publicly take a position on a contentious issue, and may needlessly alienate patients who oppose gun rights. Further, I don't want to be a part of legitimizing California's unconstitutional scheme by agreeing to put up such a sign if I want to support the Second Amendment. Americans generally have the right to carry firearms, and shouldn't need to have permission to do so at every private business they visit.

12. And, of course, even if such a sign were not required, my patients are also barred from carrying for the same reason I am given SB 2's restrictions on carrying

in medical facilities. I oppose both of those provisions, and indeed, all of SB 2's new restrictions on places where carry is no longer allowed.

13. These are, of course, just a few examples of how SB 2 affects me, and as I go about my daily life, I am sure to discover several more. SB 2 will essentially destroy my constitutional right to carry, as so few of the places I go to on a daily basis will permit carry, and I don't want to expose my firearm to theft by constantly leaving it in my vehicle. But for SB 2 and my fear of criminal prosecution, I would continue to carry in all of these places as I did before the law took effect.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2023.

_____
Dr. Sheldon Hough, declarant

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *May, et al. v. Bonta*
Case No.: 8:23-cv-01696 CJC (ADSx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**DECLARATION OF DR. SHELDON HOUGH IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Email: Robert.Meyerhoff@doj.ca.gov
   *Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 29, 2023.

_____
Laura Palmerin