C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua R. Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| RENO MAY, an individual; ANTHONY MIRANDA, an individual; ERIC HANS, an individual; GARY BRENNAN, an individual; OSCAR A. BARRETO, JR., an individual; ISABELLE R. BARRETTO, an individual; BARRY BAHRAMI, an individual; PETE STEPHENSON, an individual; ANDREW HARMS, an individual; JOSE FLORES, an individual; DR. SHELDON HOUGH, DDS, an individual; SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; THE LIBERAL GUN CLUB, INC.; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, <br><br>Plaintiffs, <br>v. <br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10, <br><br>Defendants. | Case No.: 8:23-cv-01696 CJC (ADSx) <br><br>**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF PROFESSOR ADAM WINKLER FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** <br><br>Hearing Date: December 20, 2023 <br>Hearing Time: 1:30 p.m. <br>Courtroom: 9 B <br>Judge: Hon. Cormac J. Carney |

*MAY* PLAINTIFFS' EVID. OBJECTIONS TO WINKLER DECLARATION

**TO THIS HONORABLE COURT:**

Plaintiffs Reno May, Anthony Miranda, Eric Hans, Gary Brennan, Oscar A. Barretto, Jr., Isabelle R. Barretto, Barry Bahrami, Pete Stephenson, Andrew Harms, Jose Flores, Dr. Sheldon Hough, DDS, The Second Amendment Foundation, Gun Owners of America, Inc., Gun Owners of California, Inc., The Liberal Gun Club, Inc., and California Rifle & Pistol Association, Incorporated, hereby jointly object, pursuant to Fed. R. Evid. 401, 402, 403, 601, 702, 703, and 704 to the Declaration of Professor Adam Winkler, lodged by Defendant in support of his Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction. These objections are raised on the following grounds and as to the following matters contained within the declaration:

**1.  Objection to Paragraph 1:**

<u>Relevance/Improper Expert Opinion</u>. The declarant's opinion on the constitutionality of the law in question is not a proper subject of expert opinion.

**2.  Objection to Paragraph 10:**

<u>Foundation</u>. There is no citation to facts or sources provided to support the opinions expressed by the declarant regarding a "long history and tradition" on prohibitions on and restrictions of weapons and firearms.

<u>Relevance/Improper Expert Opinion</u>. The declarant's opinion on the constitutionality of past firearms restrictions in sensitive places is not a proper subject of expert opinion and is an issue for the trier of fact to decide.

**3.  Objection to Paragraph 11:**

<u>Foundation</u>. There is no citation to facts or sources provided to support the opinion expressed by the declarant as to the reasons fairs and markets were considered sensitive.

<u>Relevance</u>. Opinions about a single English law from the 14th century are not relevant to the historical analogue analysis which focuses on the Founding and continues up through Reconstruction. See *New York State Rifle & Pistol Ass'n v.*

1

*Bruen*, 597 U.S. __, 142 S. Ct. 2111, 2133 (Colonial laws), 2143 (outliers), and 2153 (outliers) (2022).

**4. Objection to Paragraph 12:**

<u>Foundation</u>. Citation to a single example of a justice of the peace manual is insufficient support for the opinion expressed by the declarant that there was a history and tradition of barring firearms in public spaces. Further, there is no foundation to conclude that the lone citation's reference to "unusual and offensive weapons" included ordinary firearms used for self-defense.

<u>Relevance</u>. Opinions about a single justice of the peace manual are not relevant to the historical analogue analysis which focuses on the Founding and continues up through Reconstruction.

**5. Objection to Paragraph 13:**

<u>Foundation</u>. There are no citations to sources to support the declarant's opinion that "states increasingly enacted laws prohibiting firearms from places where the public gathered for social and commercial activity" and the factors cited for such alleged but uncited laws.

<u>Relevance</u>. Opinions about the Post-Reconstruction era history of gatherings in public places, absent citation to firearms laws that applied to such gatherings, are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *Bruen* at 2153-54.

**6. Objection to Paragraph 14:**

<u>Foundation</u>. There is no citation to facts or sources provided to support the opinions expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

<u>Relevance/Improper Expert Opinion</u>. The declarant's opinion on the purported "existence" of past firearms restrictions in sensitive places is not a proper subject of expert opinion and is an issue for the trier of fact to decide.

**7.    Objection to Paragraph 15:**

<u>Foundation</u>.  There is no citation or insufficient citations to facts or sources provided to support the opinion expressed by the declarant about allegedly numerous laws in states regulating firearms in sensitive places, and the declarant purports to "quote" such laws but identifies no sources for such quotes.

**8.    Objection to Paragraphs 16-18:**

<u>Relevance</u>. Citations to outlier examples of firearm laws are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *See Bruen* at 2133, 2153.

<u>Relevance/Improper Expert Opinion</u>.  The declarant's opinion that the three firearms laws he cites are "not outliers" is not a proper subject of expert opinion and is an issue for the trier of fact to decide.

**9.    Objection to Paragraph 19:**

<u>Relevance</u>. Citation to an outlier example of a firearm law is not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. A Post-Reconstruction era example of a firearms law is manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *Bruen* at 2153-54.

<u>Relevance/Improper Expert Opinion</u>.  The declarant's opinion that the three firearms laws he cites are "not outliers" is not a proper subject of expert opinion and is an issue for the trier of fact to decide.

**10.   Objection to Paragraph 20:**

<u>Relevance</u>. Citation to an outlier example of a firearm law, particularly one from a state that the Supreme Court already rejected as being "exceptional" and unpersuasive in *Bruen*, is not relevant evidence of Founding through

Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *See Bruen* at 2154. A Post-Reconstruction era example of a firearms law is manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**11. Objection to Paragraph 21:**

<u>Foundation</u>. The five outliers cited by the declarant (including the one expressly rejected in *Bruen*) do not support the declarant's opinion that there was an unambiguous history or tradition of states regulating and restricting firearms from places of public gathering and assembly during the relevant analogical period.

<u>Relevance</u>. Opinions regarding five outlier laws, some of which are improper Post-Reconstruction firearms laws, are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**12. Objection to Paragraph 22:**

<u>Foundation</u>. There is no citation to facts or sources provided to support the opinion expressed by the declarant that there was a "broad" history or tradition of prohibition on firearms at " 'social gatherings' " or " 'any public assemblage of persons,' " nor is there any citation to support the opinion that there was a broad history or tradition that places of public gathering were " 'frequently identified by nineteenth century gun regulations as too sensitive to allow weapons.' " The five prior laws cited by the declarant do not support such a broad claim. Further, the declarant purports to quote language from such laws but there are no sources cited matching those purportedly quoted laws.

<u>Relevance</u>. Opinions about one outlier law, expanded to assume that such a law was prevalent in other jurisdictions without any support therefor, are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**13. Objection to Paragraph 23:**

<u>Foundation</u>. There is no citation to facts or sources provided to support the opinion expressed by the declarant that places of public gathering were "frequently identified by nineteenth century gun regulations as too sensitive to allow weapons," and the five prior laws cited by the declarant do not support such a claim.

<u>Relevance</u>. Opinions about one outlier law, expanded to assume that such a law was prevalent in other jurisdictions without any support therefor, are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**14. Objection to Paragraph 24:**

<u>Foundation</u>. There is no citation to any source or authority for the declarant's opinion that "the existence of weapons tended to undermine the recreational and social purposes of such events."

<u>Relevance</u>. Citation to an outlier example of a firearm law, particularly one from a state that the Supreme Court already rejected as being "exceptional" in *Bruen*, is not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *See Bruen* at 2154. A Post-Reconstruction era example of a firearms law is manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**15. Objection to Paragraph 25:**

<u>Foundation</u>. There is no citation to any source or authority for the declarant's opinion as to the reason why the Texas legislature amended its 1871 law, i.e., "The need to make sure that guns were kept out of places where the public congregated for purposes of amusement."

<u>Relevance</u>. Opinions about one outlier law, conflated by an assumption that such a law was representative of firearms laws in other jurisdictions without

5

any support therefor, are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**16.   Objection to Paragraph 26:**

<u>Foundation</u>.  There is no citation or insufficient citations to facts or sources provided to support the opinion expressed by the declarant regarding considerations supposedly underpinning sensitive places laws, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

<u>Relevance</u>. There is no relevance to laws or regulating prohibited persons from carrying firearms when such prohibitions are not an analogue to the challenged law on the motion which prohibits, *inter alia*, the carrying of firearms at or *near* where alcohol is served, regardless of the sobriety of the carrier.  Citations to laws which accomplish different goals and have different effects than the modern law being assessed are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *See Bruen* at 2133 n.7 (discussing analyzing comparable burdens imposed by the challenged and analogical laws).

**17.   Objection to Paragraph 27:**

<u>Relevance</u>. Citations to laws which accomplish different goals and have different effects than the modern law being assessed are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**18.   Objection to Paragraph 28:**

<u>Foundation</u>. There is no citation or insufficient citations to facts or sources provided to support the opinion expressed by the declarant about allegedly numerous laws in states regulating firearms in specified sensitive places that served alcohol, and the declarant again purports to "quote" the sensitive places identified

in such laws but identifies no sources for such quotes.

<u>Relevance</u>. Citations to laws of western territories are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation, and such citation were expressly rejected as unpersuasive evidence by *Bruen*. *Id*. at 2154-55.

19.  **Objection to Paragraphs 29-30:**

<u>Relevance</u>. Citation to two outlier examples of firearm laws governing carry in taverns is not relevant evidence of a history and tradition of firearms regulation that the state must show existed in order to justify its carry prohibition. *See Bruen* at 2133, 2153.

20.  **Objection to Paragraph 31:**

<u>Relevance</u>. Opinions based on citation to three outlier examples of firearm laws governing carry in taverns, one of which was expressly rejected as unpersuasive in *Bruen*, are not relevant evidence of a history and tradition of firearms regulation that the state must show existed in order to justify its carry prohibition.

21.  **Objection to Paragraph 32:**

<u>Foundation</u>.  There is no citation to support any of the opinions expressed by the declarant and no information is provided as to which states he is referring or from where he obtained information about what state constitutional provisions or doctrines were considered by those states' legislators in making purported, but uncited, sensitive places legislation.

<u>Relevance</u>. The declarant's opinions and moral judgments about the appropriateness during the analogical period of carrying firearms into public establishments, untethered to any citations about laws or even legislative findings addressing such appropriateness, are wholly irrelevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to

show a history and tradition of firearms regulation.

**22. Objection to Paragraph 33:**

<u>Foundation/Relevance</u>.  The declarant's statement about an inability to cite or find any court cases striking down sensitive places laws, lacking any information about what efforts the declarant undertook to locate such court cases, lacks sufficient foundation for this court to be able to assess the weight it should ascribe to his inability.

**23. Objection to Paragraph 34:**

<u>Foundation</u>.  Other than declarant's professed inability to know of or locate a court case, which lacked foundation due to the lack of any description of what efforts he undertook, there is no citation to any source or authority for the opinion that laws restricting weapons in sensitive places were so widely accepted that there are few reported court cases involving legal challenges to such laws."

<u>Relevance</u>. Opinions about the propriety of sensitive places restrictions based solely upon a court case affirming such a restriction that *Bruen* expressly rejected as an outlier, are manifestly irrelevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *See Bruen* at 2153 (rejecting the reasoning of *English v. State*, 35 Tex. 473 (1872) as an outlier not reflective of a history or tradition of firearms regulation).

**24. Objection to Paragraph 35:**

<u>Relevance</u>. Opinions about the propriety of sensitive places restrictions based solely upon a court case affirming such a restriction that *Bruen* expressly rejected as an outlier, are manifestly irrelevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**25. Objection to Paragraph 36:**

<u>Relevance/Improper Expert Opinion</u>. The declarant's opinion on the constitutionality of the law in question is not a proper subject of expert opinion.

**26. Objection to Paragraph 37:**

<u>Foundation</u>. The declarant's broad opinions on which sensitive places were historically understood to be permissibly subject to firearms regulations are not based upon any citations or sources identified in the paragraph. And, as noted, prior similar opinions were based upon less than 10 outlier statutes, some of which were expressly rejected by Bruen as unpersuasive, and one outlier state court case, which was also rejected by Bruen as unpersuasive. The declarant has no foundation for making the broad statements of opinion regarding historically sensitive places for which firearms prohibitions were imposed or deemed permissible.

**27. Objection to Paragraph 38:**

<u>Relevance/Improper Expert Opinion</u>. The declarant's opinion on the constitutionality of the law in question is not a proper subject of expert opinion.

For the reasons set forth above, the court should strike or disregard the declaration in its entirety in ruling on Plaintiffs' motion, or, in the alternative, strike and disregard those identified opinions.

Dated: November 20, 2023   **MICHEL & ASSOCIATES, P.C.**

/s/ *C.D. Michel*
C.D. Michel
Counsel for Plaintiffs

Dated: November 20, 2023   **LAW OFFICES OF DON KILMER**

/s/ *Don Kilmer*
Don Kilmer
Counsel for Plaintiff The Second Amendment Foundation

# CERTIFICATE OF SERVICE
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *May, et al. v. Bonta*
Case No.: 8:23-cv-01696 CJC (ADSx)

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

    I am not a party to the above-entitled action. I have caused service of:

**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF PROFESSOR ADAM WINKLER FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Email: Robert.Meyerhoff@doj.ca.gov
    *Attorney for Defendant*

    I declare under penalty of perjury that the foregoing is true and correct.

Executed November 20, 2023.

Christina Castron