C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua R. Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| RENO MAY, an individual; ANTHONY MIRANDA, an individual; ERIC HANS, an individual; GARY BRENNAN, an individual; OSCAR A. BARRETTO, JR., an individual; ISABELLE R. BARRETTO, an individual; BARRY BAHRAMI, an individual; PETE STEPHENSON, an individual; ANDREW HARMS, an individual; JOSE FLORES, an individual; DR. SHELDON HOUGH, DDS, an individual; SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; THE LIBERAL GUN CLUB, INC.; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>Plaintiffs,<br>v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,<br><br>Defendants. | Case No.: 8:23-cv-01696 CJC (ADSx)<br><br>**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF DR. BRENNAN RIVAS FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: December 20, 2023<br>Hearing Time: 1:30 p.m.<br>Courtroom: 9 B<br>Judge: Hon. Cormac J. Carney |

*MAY* PLAINTIFFS' EVID. OBJECTIONS TO RIVAS DECLARATION

**TO THIS HONORABLE COURT:**

Plaintiffs Reno May, Anthony Miranda, Eric Hans, Gary Brennan, Oscar A. Barretto, Jr., Isabelle R. Barretto, Barry Bahrami, Pete Stephenson, Andrew Harms, Jose Flores, Dr. Sheldon Hough, DDS, The Second Amendment Foundation, Gun fInc., and California Rifle & Pistol Association, Incorporated, hereby jointly object, pursuant to Fed. R. Evid. 401, 402, 403, 601, 702, 703, and 704 to the Declaration of Dr. Brennan Rivas, lodged by Defendant in support of his Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction. These objections are raised on the following grounds and as to the following matters contained within the declaration:

1. **Objection to Paragraphs 15-22:**

    <u>Relevance</u>. The history of the growth of a single city—Philadelphia—is not relevant to whether historical analogues regulating firearms existed. This lack of relevance is evidenced by lack of mention of laws relating to carrying of firearms in Philadelphia other than a single Colonial era law about not carrying "unlawful" weapons in the built part of the city. *See New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. __, 142 S. Ct. 2111, 2133 (Colonial laws), 2143 (outliers), and 2153 (outliers) (2022). And no explanation was provided about the breadth of this lone law, whether it applied to firearms as "unlawful" weapons, or anything that would inform the court about the state of historical firearms laws at the Founding up through Reconstruction even in the one city discussed.

2. **Objection to Paragraphs 23-33:**

    <u>Relevance</u>. The history of buildings in Philadelphia, absent any discussion of firearms laws or regulations governing those buildings, is not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

3. **Objection to Paragraph 34:**

    <u>Relevance</u>. Laws about militias and taverns unrelated to the use or possession of firearms, and which were inapplicable to the general citizenry in the

1

same taverns, are not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. Citations to an outlier example is not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *See Bruen* at 2133, 2153.

4. **Objection to Paragraph 36:**

Foundation. There is no citation to facts or sources provided to support the opinion expressed by the declarant that "By the Civil War Era, the carrying of concealed weapons was more common than it had been in the eighteenth century, and pocket-sized pistols were more readily available to consumers."

5. **Objection to Paragraphs 40-41:**

Relevance. Historical concealed carry prohibitions are not relevant to the sensitive places analysis. The Supreme Court has already determined that carry cannot be fully prohibited under the Second Amendment. *See Bruen, passim*.

6. **Objection to Paragraphs 47-53:**

Relevance/Improper Expert Opinion. The declarant makes legal argument and opines on legal questions that are for the trier of fact to decide and not a proper subject of expert opinion.

7. **Objection to Paragraph 55:**

Relevance/Foundation. There is no citation to facts or sources provided to support the opinion expressed by the declarant that there are analogue local ordinances supporting sensitive space restrictions, and the declarant admits he's speculating about what local ordinances might or might not exist.

8. **Objection to Paragraph 56:**

Foundation. There is no citation to facts or sources provided to support the opinions expressed by the declarant other than the declarant's own publication, the bases and sources for that publication are not cited or attached, and no other

information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

9. **Objection to Paragraph 57:**

<u>Foundation</u>. There is no citation or insufficient citations to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

10. **Objection to Paragraph 59:**

<u>Foundation</u>. There is no citation to facts or sources provided to support the opinion expressed by the declarant that "These are only a small sample of the travel-related cases that formed the corpus of traveler-exception jurisprudence associated with nineteenth century concealed weapon laws." No other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

11. **Objection to Paragraph 60:**

<u>Relevance/Improper Expert Opinion</u>. The declarant makes legal argument and opines on legal questions that are for the trier of fact to decide and not a proper subject of expert opinion.

12. **Objection to Paragraph 61:**

<u>Relevance/Improper Expert Opinion</u>. The declarant makes legal argument and opines on legal questions that are for the trier of fact to decide and not a proper subject of expert opinion.

<u>Relevance</u>. A Post-Reconstruction era example of a firearms regulation is manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *Bruen* at 2153-54.

13. **Objection to Paragraph 62:**

<u>Foundation</u>. There is no citation or insufficient citations to facts or sources

provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

<u>Relevance</u>.  Post-Reconstruction firearms regulations are manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *Bruen* at 2153-54.

14. **Objection to Paragraph 65:**

<u>Foundation</u>.  There is no citation or insufficient citations to facts or sources provided to support the numerous opinions expressed by the declarant regarding the history of transportation, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

<u>Relevance</u>.  The history of pre-and-post-Reconstruction era crime in the North and the South, absent a discussion of or citation to firearms regulations regarding such crime, is not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

15. **Objection to Paragraph 67:**

<u>Foundation</u>.  There is no citation provided to support the numerous opinions expressed by the declarant regarding the purported private railroad policies regarding carrying of firearms.  The lack of citation to or identification of the policies denies the court the ability to assess the reliability of the representations about the policies.  The lack of foundation for the alleged policies also denies the court the ability to assess when these policies, even if they are accurately represented, were adopted in relation to the relevant analogical time period.  And no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

<u>Relevance</u>.  The purported history of private carrier rules about carry is not

relevant evidence of Founding through Reconstruction government restrictions on the self-defense right that governments must produce to show a history and tradition of firearms regulation. Although it cannot be determined how many railroad carriers enforced rules against carry due to the lack of foundation for the declarant's opinion, if the declarant is relying upon only a few such rules, outlier examples would not be relevant to show a history and tradition of firearms regulation.

16. **Objection to Paragraph 68:**

<u>Foundation</u>.  There is no citation to facts or sources provided to support the opinion expressed by the declarant that "included within this power of conductors to police aboard their trains was a responsibility to enforce weapon regulations in effect at the time." No other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

17. **Objection to Paragraph 69:**

<u>Relevance</u>.  Whether railroad police were armed or exercised quasi-police authority on certain carriers is not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

18. **Objection to Paragraph 70:**

<u>Relevance</u>.  Whether railroad police were armed or exercised quasi-police authority on certain carriers is not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. Early 20th century firearms regulations are manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

<u>Relevance/Improper Expert Opinion</u>.  The declarant makes legal argument and opines on legal questions regarding the effect of court decisions that are for the

trier of fact to interpret and decide and not a proper subject of expert opinion.

**19.   Objection to Paragraph 75:**

Foundation.  There is no citation to facts or sources provided to support the opinion expressed by the declarant regarding what was contained in local records, the roles of local law enforcement, or the laws and customs they did or did not enforce.  No other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

**20.   Objection to Paragraph 76:**

Foundation and Relevance.

76-1: Relevance. No relevance of the availability of intracity transportation in early Philadelphia to the evidence of Founding through Reconstruction government restrictions on the self-defense right that governments must produce to show a history and tradition of firearms regulation.

76-2: Relevance. No relevance of the lack of public spaces in early Philadelphia to the evidence of Founding through Reconstruction government restrictions on the self-defense right that governments must produce to show a history and tradition of firearms regulation.

76-3: Foundation. There is no citation to facts or sources provided to support the broad conclusions the declarant alleges she is summing up, and the prior paragraphs provide little to no citation to a history or tradition of such regulations or laws to support her broad conclusions.

76-4: Foundation. There is no citation to facts or sources provided to support the broad conclusions the declarant alleges she is summing up, and the prior paragraphs provide little to no citation to a history or tradition of such regulations or laws to support her broad conclusions.

76-5: Foundation. There is no citation to facts or sources provided to support the broad conclusions the declarant alleges she is summing up, and the prior paragraphs provide little to no citation to a history or tradition of such

regulations or laws to support her broad conclusions.

76-6: <u>Foundation</u>. There is no citation to facts or sources provided to support the broad conclusions the declarant alleges she is summing up, and the prior paragraphs provide little to no citation to a history or tradition of such regulations or laws to support her broad conclusions.

76-7: <u>Foundation and Relevance</u>. There is no citation to facts or sources, either in the paragraph or previously, provided to support the broad conclusions the declarant alleges regarding her inability to gather sources to support her conclusions.  There is also no citation to facts or sources, either in the paragraph or previously, which support the declarant's suppositions about a history and tradition of firearms regulation based on what the declarant admits is an incomplete record and which, when supported by any citation, are based on citations to outliers. The declarant's inability to identify and cite to historical analogues of the firearms regulations contained within SB 2 is also not relevant to the issue of the state's burden to have identified a rich analogical tradition of firearms regulation prior to passing SB 2.

**21.   Objection to Paragraph 77 (mislabeled 82):**

<u>Foundation</u>.  There is no citation to facts or sources provided to support the broad conclusions the declarant alleges she is summing up, and the prior paragraphs provide scant citation to a history or tradition of such regulations or laws to support her broad conclusions.

<u>Relevance</u>.  The declarant's inability to identify and cite to historical analogues of the firearms regulations contained within SB 2 is not relevant to the issue of the state's burden to have identified a rich analogical tradition of firearms regulation prior to passing SB 2.

For the reasons set forth above, the court should strike or disregard the declaration in its entirety in ruling on Plaintiffs' motion, or, in the alternative, strike and disregard those identified opinions.

Dated: November 20, 2023      **MICHEL & ASSOCIATES, P.C.**

*/s/ C.D. Michel*
C.D. Michel
Counsel for Plaintiffs

Dated: November 20, 2023      **LAW OFFICES OF DON KILMER**

*/s/ Don Kilmer*
Don Kilmer
Counsel for Plaintiff The Second Amendment Foundation

# CERTIFICATE OF SERVICE
### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

Case Name: *May, et al. v. Bonta*
Case No.: 8:23-cv-01696 CJC (ADSx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF DR. BRENNAN RIVAS FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Email: Robert.Meyerhoff@doj.ca.gov
    *Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 20, 2023.

*Christina Castron* (signature)
Christina Castron

---

CERTIFICATE OF SERVICE