C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua R. Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| RENO MAY, an individual; ANTHONY MIRANDA, an individual; ERIC HANS, an individual; GARY BRENNAN, an individual; OSCAR A. BARRETTO, JR., an individual; ISABELLE R. BARRETTO, an individual; BARRY BAHRAMI, an individual; PETE STEPHENSON, an individual; ANDREW HARMS, an individual; JOSE FLORES, an individual; DR. SHELDON HOUGH, DDS, an individual; SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; THE LIBERAL GUN CLUB, INC.; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>Plaintiffs,<br>v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,<br><br>Defendants. | Case No.: 8:23-cv-01696 CJC (ADSx)<br><br>**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF JOSHUA SALZMANN FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: December 20, 2023<br>Hearing Time: 1:30 p.m.<br>Courtroom: 9 B<br>Judge: Hon. Cormac J. Carney |

*MAY* PLAINTIFFS' EVID. OBJECTIONS TO SALZMANN DECLARATION

**TO THIS HONORABLE COURT:**

Plaintiffs Reno May, Anthony Miranda, Eric Hans, Gary Brennan, Oscar A. Barretto, Jr., Isabelle R. Barretto, Barry Bahrami, Pete Stephenson, Andrew Harms, Jose Flores, Dr. Sheldon Hough, DDS, The Second Amendment Foundation, Gun Owners of America, Inc., Gun Owners of California, Inc., The Liberal Gun Club, Inc., and California Rifle & Pistol Association, Incorporated, hereby jointly object, pursuant to Fed. R. Evid. 401, 402, 403, 601, 702, 703, and 704 to the Declaration of Joshua Salzmann, lodged by Defendant in support of his Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction. These objections are raised on the following grounds and as to the following matters contained within the declaration:

**1. Objection to Paragraphs 10-25:**

<u>Relevance</u>. Opinions about Colonial and Founding era layout of cities and the quality of roadways in them are not relevant to the issues of whether the carrying of arms was prohibited in or on them and whether such laws existed to the extent to evidence a history and tradition of regulation. This lack of relevance is evidenced by lack of mention of or citation to any laws or regulations relating to carrying of firearms in cities or on roadways. *See New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. __, 142 S. Ct. 2111, 2137, 2153-54 (2022).

**2. Objection to Paragraphs 26-31:**

<u>Relevance</u>. Opinions about the history of wagon travel are not relevant to the issues of whether the carrying of arms was prohibited in them and whether such laws existed to the extent to evidence a history and tradition of regulation. This lack of relevance is evidenced by lack of mention of or citation to any laws or regulations relating to carrying of firearms in wagons.

**3. Objection to Paragraphs 32-36:**

<u>Relevance</u>. Opinions about the history of ferries, ships, and lighthouses are not relevant to the issues of whether the carrying of arms was prohibited on or in them and whether such laws existed to the extent to evidence a history and

1

tradition of regulation. This lack of relevance is evidenced by lack of mention of or citation to any laws or regulations relating to carrying of firearms on ferries and ships or in lighthouses.

4. **Objection to Paragraphs 37-46:**

<u>Relevance</u>.  Opinions about the history of canals and steamboats are not relevant to the issues of whether the carrying of arms was prohibited on them and whether such laws existed to the extent to evidence a history and tradition of regulation. This lack of relevance is evidenced by lack of mention of or citation to any laws or regulations relating to carrying of firearms while travelling upon a canal or on a steamboat.

5. **Objection to Paragraphs 47-56:**

<u>Relevance</u>.  Opinions about the history of railroads are not relevant to the issues of whether the carrying of arms was prohibited on or in them and whether such laws existed to the extent to evidence a history and tradition of regulation. This lack of relevance is evidenced by lack of mention of or citation to any laws or regulations relating to carrying of firearms on railroads.

6. **Objection to Paragraphs 57-60:**

<u>Relevance</u>.  Opinions about the history of the construction of streets and sidewalks, and the proliferation of omnibuses on them, are not relevant to the issues of whether the carrying of arms was prohibited on or in them and whether such laws existed to the extent to evidence a history and tradition of regulation. This lack of relevance is evidenced by lack of mention of or citation to any laws or regulations relating to carrying of firearms on streets or sidewalks or inside omnibuses.

7. **Objection to Paragraphs 61-67:**

<u>Relevance</u>.  Opinions about the history of horse cars, cable cars, and streetcars, are not relevant to the issues of whether the carrying of arms was prohibited on or in them and whether such laws existed to the extent to evidence a

1  history and tradition of regulation. This lack of relevance is evidenced by lack of
2  mention of or citation to any laws or regulations relating to carrying of firearms on
3  horse cars, cable cars, and streetcars.  Further, irrespective of the lack of any
4  evidence of a tradition of firearms regulation on such vehicles, any historical
5  discussion of such vehicles in the Post-Reconstruction era is manifestly not relevant
6  to the evidence of Founding through Reconstruction historical analogues that
7  governments must produce to show a history and tradition of firearms regulation.
8  *Bruen* at 2153-54.

9  **8.   Objection to Paragraph 68:**

10  <u>Relevance</u>.  Opinions about the history of subways and elevated trains are
11  not relevant to the issues of whether the carrying of arms was prohibited on or in
12  them and whether such laws existed to the extent to evidence a history and tradition
13  of regulation. This lack of relevance is evidenced by lack of mention of or citation
14  to any laws or regulations relating to carrying of firearms on subways or elevated
15  trains. Further, irrespective of the lack of any evidence of a tradition of firearms
16  regulation on such vehicles, any historical discussion of such vehicles in the Post-
17  Reconstruction era is manifestly not relevant to the evidence of Founding through
18  Reconstruction historical analogues that governments must produce to show a
19  history and tradition of firearms regulation.

20  **9.   Objection to Paragraphs 69-70:**

21  <u>Foundation</u>.  There is no citation provided to support the opinions
22  expressed by the declarant regarding the purported private railroad policies
23  regarding carrying of firearms.  The lack of citation to or identification of the
24  policies denies the court the ability to assess the reliability of the representations
25  about the policies.  The lack of foundation for the alleged policies also denies the
26  court the ability to assess when these policies, even if they are accurately
27  represented, were adopted in relation to the relevant analogical time period.  And no
28  other information is provided by the declarant to support the origin of or veracity of

the declarant's opinion.

<u>Relevance</u>.  The purported history of private carrier rules about carry is not relevant evidence of Founding through Reconstruction government restrictions on the self-defense right that governments must produce to show a history and tradition of firearms regulation.  Although it cannot be determined how many railroad carriers enforced rules against carry due to the lack of foundation for the declarant's opinion, if the declarant is relying upon only a few such rules, outlier examples would not be relevant to show a history and tradition of firearms regulation.

**10. Objection to Paragraphs 71-76:**

<u>Relevance</u>.  Whether privately-owned carriers imposed rules on passengers is not relevant to the evidence of Founding through Reconstruction *government* laws and regulations that governments must produce to show a history and tradition of firearms regulation.  Post-Reconstruction era and early 20th century firearms regulations—even if privately-owned railroad rules of any period could be deemed to have evidentiary value—are manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**11. Objection to Paragraph 77:**

<u>Foundation</u>.  There is no citation or insufficient citations to facts or sources in the paragraph or in the prior paragraphs provided to support the opinion expressed by the declarant.  The prior citation to only eleven such policies, with no context as to the size of the population such eleven policies applied, or how that compares to total rail travel, does not allow the court to assess how many railroad carriers enforced rules against carry, and, if the declarant is relying upon only relatively few such rules, such outlier examples would not be relevant to show a history and tradition of firearms regulation. *See Bruen* at 2133, 2153.

<u>Relevance</u>.  Whether privately-owned carriers imposed rules on passengers

4

*MAY* PLAINTIFFS' EVID. OBJECTIONS TO SALZMANN DECLARATION

is not relevant to the evidence of Founding through Reconstruction *government* laws and regulations that governments must produce to show a history and tradition of firearms regulation. Post-Reconstruction era and early 20th century firearms regulations—even if privately-owned railroad rules of any period could be deemed to have evidentiary value—are manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

12. **Objection to Paragraph 78:**

Foundation. There is no citation to authority that state or municipal laws on firearms carry would apply to interstate railroad travelers or were understood to apply to such travelers. There is also insufficient citation to such state and municipal laws supporting the opinion, with only one Post-Reconstruction era municipal law cited.

Relevance. A single municipal law against concealed carry enacted in the Post-Reconstruction era is not sufficient evidence of a history or tradition of regulating firearms. An opinion formed based on a Post-Reconstruction era law is manifestly not evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. Further, opinions based on laws enacting a total ban on carry are not relevant to the sensitive places analysis. The Supreme Court has already determined that carry cannot be fully prohibited under the Second Amendment. *See Bruen, passim*.

13. **Objection to Paragraph 79:**

Foundation. There is no citation to authority that state or municipal laws on firearms carry would apply to interstate railroad travelers or were understood to apply to such travelers.

Relevance. A single municipal law against concealed carry enacted in the Post-Reconstruction era is not sufficient evidence of a history or tradition of

regulating firearms.  An opinion formed based on a Post-Reconstruction era law is manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. Further, opinions based on laws enacting a total ban on carry are not relevant to the sensitive places analysis. The Supreme Court has already determined that carry cannot be fully prohibited under the Second Amendment.  *See Bruen, passim*.

14. **Objection to Paragraphs 80-83:**

<u>Relevance</u>.  Opinions about the history of various modes of transportation during the analogical period, without citation to laws regulating firearms on such modes of transportation, are not evidence of a history and tradition of firearms regulation.

15. **Objection to Paragraph 84:**

<u>Relevance</u>.  Opinions about history during the analogical period, without citation to or reference to any laws regulating firearms during that period, are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

<u>Relevance/Improper Expert Opinion</u>.  The declarant opines on a legal question and makes legal argument regarding the proper analogical inquiry that is for the trier of fact to decide and not a proper subject of expert opinion.  The declarant is improperly arguing that the court should apply a standard for assessing the evidence other than the analogical inquiry standard set forth in *Bruen*. *See Bruen* at 2132.

16. **Objection to Paragraph 85:**

<u>Foundation</u>.  There is no citation to facts or sources, either in the paragraph or previously, provided to support the broad conclusions the declarant alleges regarding his inability to gather sources to support his conclusions.  There is also no citation to facts or sources, either in the paragraph or previously, which support the

declarant's opinion "that there were prohibitions against carrying concealed weapons on trains and other forms of transit common in urban America."

<u>Relevance</u>.  Opinions formed based on a single municipal code section adopted in the Post-Reconstruction era, and which was a total ban on carry of the kind rejected in Bruen, are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.  The declarant's inability to identify and cite to historical analogues of the firearms regulations contained within SB 2 is also not relevant to the issue of the state's burden to have identified a rich analogical tradition of firearms regulation prior to passing SB 2.

For the reasons set forth above, the court should strike or disregard the declaration in its entirety in ruling on Plaintiffs' motion, or, in the alternative, strike and disregard those identified opinions.

Dated:  November 20, 2023  **MICHEL & ASSOCIATES, P.C.**

*/s/ C.D. Michel*
C.D. Michel
Counsel for Plaintiffs

Dated:  November 20, 2023  **LAW OFFICES OF DON KILMER**
*/s/ Don Kilmer*
Don Kilmer
Counsel for Plaintiff The Second Amendment Foundation

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *May, et al. v. Bonta*
Case No.: 8:23-cv-01696 CJC (ADSx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF JOSHUA SALZMANN FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Email: Robert.Meyerhoff@doj.ca.gov
  *Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 20, 2023.

*/s/ Christina Castron*
Christina Castron

CERTIFICATE OF SERVICE