C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua R. Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

RENO MAY, an individual; ANTHONY MIRANDA, an individual; ERIC HANS, an individual; GARY BRENNAN, an individual; OSCAR A. BARRETTO, JR., an individual; ISABELLE R. BARRETTO, an individual; BARRY BAHRAMI, an individual; PETE STEPHENSON, an individual; ANDREW HARMS, an individual; JOSE FLORES, an individual; DR. SHELDON HOUGH, DDS, an individual; SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; THE LIBERAL GUN CLUB, INC.; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,

Plaintiffs,

v.

ROBERT BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,

Defendants.

Case No.: 8:23-cv-01696 CJC (ADSx)

**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF LEAH GLASER FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

| | |
|---|---|
| Hearing Date: | December 20, 2023 |
| Hearing Time: | 1:30 p.m. |
| Courtroom: | 9 B |
| Judge: | Hon. Cormac J. Carney |

**TO THIS HONORABLE COURT:**

Plaintiffs Reno May, Anthony Miranda, Eric Hans, Gary Brennan, Oscar A. Barretto, Jr., Isabelle R. Barretto, Barry Bahrami, Pete Stephenson, Andrew Harms, Jose Flores, Dr. Sheldon Hough, DDS, The Second Amendment Foundation, Gun Owners of America, Inc., Gun Owners of California, Inc., The Liberal Gun Club, Inc., and California Rifle & Pistol Association, Incorporated, hereby jointly object, pursuant to Fed. R. Evid. 401, 402, 403, 601, 702, 703, and 704 to the Declaration of Leah Glaser, lodged by Defendant in support of his Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction. These objections are raised on the following grounds and as to the following matters contained within the declaration:

**1. Objection to Paragraph 15:**

Relevance. A discussion of park laws lacking a discussion of any firearms regulations is not relevant to whether historical analogues regulating firearms existed. Colonial era and English park laws are not relevant to the historical analogue analysis which focuses on the Founding and continues up through Reconstruction. *See New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. __, 142 S. Ct. 2111, 2133 (2022).

**2. Objection to Paragraphs 18-19:**

Foundation. The declarant provides no citations to any sources for her opinion regarding the changing need or reason for public parks.

**3. Objection to Paragraph 20:**

Foundation. There is no citation to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

Relevance. Opinions discussing Post-Reconstruction era non-firearm regulations are manifestly not relevant evidence of Founding through Reconstruction historical analogue firearm laws and regulations that governments must produce to show a history and tradition of firearms regulation. *Bruen* at 2153-

54.

**4. Objection to Paragraphs 21-22:**

Foundation. The declarant provides no citations to any sources for her opinion regarding the changing need or reason for public parks.

Relevance. Opinions discussing a single public park designer's purported influences in designing parks, with no discussion of firearms laws or regulations, are not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**5. Objection to Paragraph 23:**

Foundation. Most of the declarant's opinions, including the broad conclusions about historical views of parks, have no citation to sources or other information to allow the court to assess the origin or veracity of the declarant's opinion.

**6. Objection to Paragraph 24:**

Relevance. Opinions discussing the history and purported purpose behind the establishment of public parks are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**7. Objection to Paragraphs 25-27:**

Relevance/Foundation. The declarant's generalized discussion of history has no relevance to the issue of firearm analogues, and none of the declarant's opinions have citation to sources or other information to allow the court to assess the origin or veracity of the declarant's opinions.

**8. Objection to Paragraphs 28-38:**

Relevance. Opinions discussing the history of Yosemite and other national parks, and Frederick Olmsted's views on the parks, lacking any discussion of firearms regulations applicable to such parks, are not relevant evidence of Founding

through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**9. Objection to Paragraph 39:**

Relevance. Opinions discussing the history of state park development, lacking any discussion of firearms regulations applicable to such parks, are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *Bruen* at 2153-54.

**10. Objection to Paragraph 40:**

Relevance. 1894 park laws are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**11. Objection to Paragraph 41:**

Relevance. Opinions discussing the views of public parks of a single urban "reformer" in the Post-Reconstruction era are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**12. Objection to Paragraphs 42-60:**

Relevance. Post-Reconstruction era and 20th century park laws are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**13. Objection to Paragraph 61:**

Foundation. There is no citation to facts or sources provided to support the opinions expressed by the declarant regarding the rise of recreational activities in general, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

Relevance. Opinions discussing the history of Pre-and-Post-

Reconstruction recreational activities, absent a discussion of or citation to firearms regulations regarding such activities, are not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**14. Objection to Paragraph 62:**

Relevance. Opinions discussing the history of socializing activities, absent a discussion of or citation to firearms regulations regarding such activities, are not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**15. Objection to Paragraphs 63-65:**

Foundation. Opinions discussing the history of parks, museums, circuses, and traveling exhibitions, absent a discussion of or citation to firearms regulations regarding such places and events, are not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**16. Objection to Paragraph 66:**

Foundation. There is no citation to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

Relevance. Opinions discussing the history of World's Fairs, including Post-Reconstruction era fairs, absent a discussion of or citation to firearms regulations regarding such places and events, are not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**17. Objection to Paragraph 67:**

Relevance. Post-Reconstruction era regulations for the World's Fair are manifestly not relevant evidence of Founding through Reconstruction historical

analogues that governments must produce to show a history and tradition of firearms regulation.

**18. Objection to Paragraph 68:**

Relevance. Post-Reconstruction era regulations for a single amusement park are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**19. Objection to Paragraph 69:**

Foundation. There is no citation to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

**20. Objection to Paragraph 70:**

Relevance. Opinions discussing the Post-Reconstruction era history of playground design and construction, also lacking any discussion of firearms regulations applicable to such playgrounds, are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**21. Objection to Paragraph 71:**

Relevance. Opinions discussing the views of Progressives regarding Post-Reconstruction era history of playground usage, also lacking any discussion of firearms regulations applicable to such playgrounds, are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**22. Objection to Paragraph 72:**

Foundation. There is no citation to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

Relevance. Opinions discussing the Post-Reconstruction era usage of and

philosophies regarding playgrounds, also lacking any discussion of firearms regulations applicable to such playgrounds, are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**23. Objection to Paragraph 73:**

Relevance. Opinions discussing the Post-Reconstruction era usage of and philosophies regarding playgrounds, also lacking any discussion of firearms regulations applicable to such playgrounds, are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**24. Objection to Paragraph 74:**

Foundation. There is no citation to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

Relevance. The Post-Reconstruction era and 20th century history of libraries, also lacking any discussion of firearms regulations applicable to such libraries, are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**25. Objection to Paragraphs 75-76:**

Relevance. Opinions discussing the Post-Reconstruction era and 20th century history of spectator sports, also lacking any discussion of firearms regulations applicable to such events, are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**26. Objection to Paragraphs 77-78:**

Relevance. Opinions discussing the Post-Reconstruction era and 20th century history of the development of recreational activities and those activities at

parks, also lacking any discussion of firearms regulations applicable to such places and activities, are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**27. Objection to Paragraph 79:**

Foundation. There is no citation to facts or sources provided to support the opinion expressed by the declarant as to what restrictions on firearms and hunting in parks would or wouldn't be allowed.

Relevance. Opinions on the Post-Reconstruction era and 20th century restrictions on hunting in parks, even if such opinions were based upon citations to reliable sources, are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**28. Objection to Paragraph 80:**

Foundation. There is no citation to facts or sources provided to support the broad opinion expressed by the declarant as to what the motivations were for political and business leaders to control behavior or provide leisure opportunities. Prior opinions by the declarant on these subjects similarly lacked citation to reliable sources or authorities that the court could reference to assess the bases for and veracity of the declarant's opinions.

Relevance. Opinions on the history of leisure and recreation and the places where those occurred, without identifying analogical histories or traditions of restricting firearms during the relevant period in those venues or at those events, is not helpful to the court or relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

For the reasons set forth above, the court should strike or disregard the declaration in its entirety in ruling on Plaintiffs' motion, or, in the alternative, strike

and disregard those identified opinions.

Dated: November 20, 2023

**MICHEL & ASSOCIATES, P.C.**

*/s/ C.D. Michel*
C.D. Michel
Counsel for Plaintiffs

Dated: November 20, 2023

**LAW OFFICES OF DON KILMER**

*/s/ Don Kilmer*
Don Kilmer
Counsel for Plaintiff The Second Amendment Foundation

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *May, et al. v. Bonta*
Case No.: 8:23-cv-01696 CJC (ADSx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF LEAH GLASER FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Email: Robert.Meyerhoff@doj.ca.gov
*Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 20, 2023.

Christina Castron