C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua R. Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| RENO MAY, an individual; ANTHONY MIRANDA, an individual; ERIC HANS, an individual; GARY BRENNAN, an individual; OSCAR A. BARRETTO, JR., an individual; ISABELLE R. BARRETTO, an individual; BARRY BAHRAMI, an individual; PETE STEPHENSON, an individual; ANDREW HARMS, an individual; JOSE FLORES, an individual; DR. SHELDON HOUGH, DDS, an individual; SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; THE LIBERAL GUN CLUB, INC.; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>Plaintiffs,<br>v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,<br><br>Defendants. | Case No.: 8:23-cv-01696 CJC (ADSx)<br><br>**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF PATRICK J. CHARLES FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: December 20, 2023<br>Hearing Time: 1:30 p.m.<br>Courtroom: 9 B<br>Judge: Hon. Cormac J. Carney |

**TO THIS HONORABLE COURT:**

Plaintiffs Reno May, Anthony Miranda, Eric Hans, Gary Brennan, Oscar A. Barretto, Jr., Isabelle R. Barretto, Barry Bahrami, Pete Stephenson, Andrew Harms, Jose Flores, Dr. Sheldon Hough, DDS, The Second Amendment Foundation, Gun Owners of America, Inc., Gun Owners of California, Inc., The Liberal Gun Club, Inc., and California Rifle & Pistol Association, Incorporated, hereby jointly object, pursuant to Fed. R. Evid. 401, 402, 403, 601, 702, 703, and 704 to the Declaration of Patrick J. Charles, lodged by Defendant in support of his Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction. These objections are raised on the following grounds and as to the following matters contained within the declaration:

**1.   Objection to Paragraphs 9-11:**

<u>Relevance</u>. Colonial era and English laws are not relevant to the historical analogue analysis which focuses on the Founding and continues up through Reconstruction. *See New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. __, 142 S. Ct. 2111, 2133 (Colonial laws), 2143 (outliers), and 2153 (outliers) (2022). And no explanation was provided about the breadth of this lone law, whether it applied to firearms as "unlawful" weapons, or anything that would inform the court about the state of historical firearms laws at the Founding up through Reconstruction even in the one city discussed b the declarant.

**2.   Objection to Paragraph 12:**

<u>Foundation</u>. The declarant cites to his own work with no further indicia of reliability or veracity to support his opinions or historical statements of fact.

**3.   Objection to Paragraphs 13-14:**

<u>Relevance</u>. Citations to a few outlier examples are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *See Bruen* at 2133, 2153.

4. **Objection to Paragraph 15:**

<u>Relevance</u>.  Post-Reconstruction era examples of firearms restrictions are manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

5. **Objection to Paragraph 16:**

<u>Foundation</u>.  No support for broad conclusion and opinion about an "abundance" of ordinances prohibiting firearms, especially given the meager number of such ordinances cited thereafter.

<u>Relevance</u>. Citations to outlier examples of firearm regulations, or carry prohibitions of the sort that were rejected in *Bruen*, are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

6. **Objection to Paragraphs 17-19:**

<u>Relevance</u>.  Citations to laws outright prohibiting carry in entire cities, which have already been rejected as anathema to the Second Amendment in *Bruen*, are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation in sensitive places.

7. **Objection to Paragraph 20:**

<u>Foundation</u>.  There is no citation provided to support opinions that "state and local governments maintained the authority to restrict the carrying of dangerous weapons" and that such authority resulted in a history or tradition of restricting carry in "1) churches and places of worship; 2) places where large public assemblies generally took place, i.e., parks, town squares, and the like; 3) polling places and other buildings where political activity generally took place; 4) schools and institutions of higher learning; 5) places where events of amusement took place, i.e., places where people congregate for large planned events; and 6) bars, clubs,

1 social venues, or anywhere in which alcohol or psychoactive or mood altering drugs
2 were purchased or consumed."

   8. **Objection to Paragraph 21:**

   <u>Foundation</u>. The declarant does not describe what he means by this and what evidence he did or did not find, the types of evidence which he sought, and the methods he employed to search for that evidence that he did not find.

   <u>Relevance</u>. Citation to case law in the Post-Reconstruction era is manifestly not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

   9. **Objection to Paragraph 22:**

   <u>Foundation</u>. Based on the meager citations, there is no support for the opinion that "many colonial lawmakers viewed liquor and arms bearing as a potentially dangerous combination."

   <u>Relevance</u>. The Colonial era pre-Founding history of liquor laws relating to firearms is not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation. Further, citations to a few outlier examples of pre-Founding firearm regulations are not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

   10. **Objection to Paragraph 23:**

   <u>Foundation</u>. The declarant cites to his own work with no further indicia of reliability or veracity to support his opinions or historical statements of fact.

   <u>Relevance</u>. Citations to laws forfeiting liquor are not relevant to the evidence of Founding through Reconstruction historical analogues *regulating firearms, not liquor,* that governments must produce to show a history and tradition of firearms regulation. Any alleged "falling into disrepute" of militias due to liquor

consumption, absent evidence that such resulted in a tradition or history of banning or regulating firearms, is not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**11. Objection to Paragraph 24:**

<u>Relevance</u>. Citations to a few outlier examples, including territorial laws rejected by the Supreme Court in *Bruen*, are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. Foundation. Based on the meager or inapplicable citations, there is no support for the opinion "that broad, general restrictions on liquor and arms bearing began to spread across the country" during the relevant period.

**12. Objection to Paragraph 25:**

<u>Relevance</u>. Citations to a few outlier examples are not relevant evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. Citations to laws prohibiting the transfer of firearms to dangerous or intoxicated persons, or prohibiting intoxicated persons from carrying firearms, are not relevant Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation as to *places* where liquor is served, such as bars and restaurants, or their appurtenant parking lots.

**13. Objection to Paragraph 26:**

<u>Foundation</u>. The declarant does not describe what he means by this and what evidence he did or did not find, the types of evidence which he sought, and the methods he employed to search for that evidence that he did not find.

<u>Relevance</u>. Citation to a couple of appellate cases in the Post-Reconstruction era about prohibitions against carrying while intoxicated is manifestly not relevant evidence of Founding through Reconstruction historical

analogues that governments must produce to show a history and tradition of firearms regulation of *places* where liquor is served, such as bars and restaurants, or their appurtenant parking lots.

**14. Objection to Paragraph 28:**

<u>Foundation</u>.  No citation or basis provided for declarant's opinion that many of the church weapons laws cited by Plaintiffs were "antecedents of slavery and were principally intended to quell potential slave revolt," and three citations does not evidence a history and tradition that all such laws were racist in intent.

**15. Objection to Paragraph 29:**

<u>Foundation</u>.  No support or citation provided for the declarant's opinion that "The point is that the historical evidence, when placed in context suggests that colonial and later state governments had sufficient leeway to enact time, place, and manner restrictions when it came to public arms-bearing and armed assemblage."

<u>Relevance</u>.  That laws requiring persons to be armed in church during the relevant period may have been intended to arm militiamen in churches is not relevant to whether there is a history or tradition of banning the carry of firearms in churches by other citizenry.

<u>Relevance/Improper Expert Opinion</u>.  The declarant makes legal argument and opines on legal questions regarding the effect of court decisions that are for the trier of fact to interpret and decide and not a proper subject of expert opinion, i.e., "It would ultimately mean that any eighteenth century law that legally compelled persons to do a particular act could make said act forever a constitutional right, and any modern law that restricts or prohibits said act is ipso facto unconstitutional. Such a utilization of history for law would create a dangerous precedent that would ultimately upend many state police powers."

For the reasons set forth above, the court should strike or disregard the declaration in its entirety in ruling on Plaintiffs' motion, or, in the alternative, strike and disregard those identified opinions.

| | | |
|---|---|---|
| 1 | Dated: November 20, 2023 | **MICHEL & ASSOCIATES, P.C.** |
| 2 | | */s/ C.D. Michel* |
| 3 | | C.D. Michel<br>Counsel for Plaintiffs |
| 5 | Dated: November 20, 2023 | **LAW OFFICES OF DON KILMER** |
| 6 | | */s/ Don Kilmer* |
| 7 | | Don Kilmer<br>Counsel for Plaintiff The Second Amendment Foundation |

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *May, et al. v. Bonta*
Case No.: 8:23-cv-01696 CJC (ADSx)

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

    I am not a party to the above-entitled action. I have caused service of:

**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF PATRICK J. CHARLES FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Email: Robert.Meyerhoff@doj.ca.gov
    *Attorney for Defendant*

    I declare under penalty of perjury that the foregoing is true and correct.

Executed November 20, 2023.

*/s/ Christina Castron*
Christina Castron

CERTIFICATE OF SERVICE