C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua R. Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| RENO MAY, an individual; ANTHONY MIRANDA, an individual; ERIC HANS, an individual; GARY BRENNAN, an individual; OSCAR A. BARRETTO, JR., an individual; ISABELLE R. BARRETTO, an individual; BARRY BAHRAMI, an individual; PETE STEPHENSON, an individual; ANDREW HARMS, an individual; JOSE FLORES, an individual; DR. SHELDON HOUGH, DDS, an individual; SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; THE LIBERAL GUN CLUB, INC.; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>           Plaintiffs,<br>     v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,<br><br>           Defendants. | Case No.: 8:23-cv-01696 CJC (ADSx)<br><br>**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF PETER C. MANCALL FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date:   December 20, 2023<br>Hearing Time:  1:30 p.m.<br>Courtroom:      9 B<br>Judge:             Hon. Cormac J. Carney |

*MAY* PLAINTIFFS' EVID. OBJECTIONS TO MANCALL DECLARATION

**TO THIS HONORABLE COURT:**

Plaintiffs Reno May, Anthony Miranda, Eric Hans, Gary Brennan, Oscar A. Barretto, Jr., Isabelle R. Barretto, Barry Bahrami, Pete Stephenson, Andrew Harms, Jose Flores, Dr. Sheldon Hough, DDS, The Second Amendment Foundation, Gun Owners of America, Inc., Gun Owners of California, Inc., The Liberal Gun Club, Inc., and California Rifle & Pistol Association, Incorporated, hereby jointly object, pursuant to Fed. R. Evid. 401, 402, 403, 601, 702, 703, and 704 to the Declaration of Peter C. Mancall, lodged by Defendant in support of his Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction. These objections are raised on the following grounds and as to the following matters contained within the declaration:

**1.   Objection to Paragraphs 8-9:**

Relevance.  Colonial-era proclamations by the King of England regarding the carrying of firearms, including an apparent outright ban on carry for self-defense of the kind rejected in *Bruen*, are not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation. *See New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. __, 142 S. Ct. 2111, 2133, 2146-47 (2022).

**2.   Objection to Paragraph 10:**

Foundation.  There is no citation or insufficient citations to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

**3.   Objection to Paragraph 11:**

Foundation.  The citation to a single source regarding early Virginia law does not provide a sufficient foundation to support the opinion expressed by the declarant that " 'taverns are clearly the number one exhibit in early America of a business regulated by government.' " No other information is provided by the

1

declarant to support the origin of or veracity of the declarant's opinion.

**4.   Objection to Paragraph 12:**

<u>Relevance</u>.  Prevailing views of alcohol use in the pre-Founding Colonial period, not tethered to any discussion of regulations, particularly firearms regulations, are not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**5.   Objection to Paragraphs 13-14:**

<u>Relevance</u>.  Laws enacted to impermissibly target one race for disparate treatment, such as laws preventing Indians from buying liquor, are not relevant evidence establishing an historical tradition of constitutional firearms regulations. *See Bruen* at 2152 n.27.  Further, laws banning the sale of alcohol without regard to firearm carriage are not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**6.   Objection to Paragraph 15:**

<u>Foundation</u>. No citation to any laws supporting the opinion that there were laws, much less widespread laws, banning carrying of swords in taverns. No citation to any laws or material supporting the opinion that purported laws banning carrying of swords in taverns were or would have been applied to firearms carriage.

<u>Relevance</u>. Purported laws banning carriage of swords, if they existed or were numerous enough to show a history or tradition of banning carrying of swords in taverns, are not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**7.   Objection to Paragraphs 16-21:**

<u>Foundation</u>.  Citation to a couple of Colonial or Founding era laws regulating gambling and liquor does not evidence an historical practice.

<u>Relevance</u>. Laws regulating gambling and liquor in the same establishment, if such laws existed and evidenced an historical practice, and where there are no mentions of firearms or firearms regulation attendant to those laws, are not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**8.     Objection to Paragraphs 22-23:**

<u>Foundation</u>. No citation to authority to support proposition that gambling laws were ubiquitous. Relevance. Laws regulating gambling, if such laws existed and evidenced an historical practice, and where there are no mentions of firearms or firearms regulation attendant to those laws, are not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**9.     Objection to Paragraph 24:**

<u>Relevance</u>. Laws regulating gambling in a single state during the relevant analogical period, where there are no mentions of firearms or firearms regulation attendant to those laws, are not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**10.    Objection to Paragraph 25:**

<u>Relevance</u>.  Laws regulating gambling during the relevant analogical period , where there are no mentions of firearms or firearms regulation attendant to those laws, are not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**11.    Objection to Paragraph 26:**

<u>Foundation</u>. No support in paragraph or prior citations for the opinion that "Existing laws relating to the regulation of taverns and gambling reveal that the

state had an interest in reducing violence in taverns, and that the threat of violence was higher when there was gambling taking place there."

Relevance. Laws regulating gambling during the relevant analogical period, where there are no mentions of firearms or firearms regulation attendant with those laws, are not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

12. **Objection to Paragraphs 27-28:**

Relevance. Laws regulating the serving of alcohol during the relevant analogical period, where there are no mentions of firearms or firearms regulation attendant to those laws, are not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

13. **Objection to Paragraph 29:**

Foundation/Relevance. Citation to one Connecticut law regulating gambling and alcohol during the relevant period does not evidence an historical practice. Relevance. Laws regulating gambling and alcohol consumption during the relevant analogical period, where there are no mentions of firearms or firearms regulation attendant to those laws, are not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

14. **Objection to Paragraph 30:**

Foundation/Relevance. Citation to one South Carolina law regulating alcohol in taverns during the relevant period does not evidence an historical practice. Relevance. Laws regulating taverns during the relevant analogical period, where there are no mentions of firearms or firearms regulation attendant to those laws, are not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and

tradition of firearms regulation. Post-Reconstruction laws for regulating taverns are manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a tradition of firearm regulation.

Dated: November 20, 2023     **MICHEL & ASSOCIATES, P.C.**

*/s/ C.D. Michel*
C.D. Michel
Counsel for Plaintiffs

Dated: November 20, 2023     **LAW OFFICES OF DON KILMER**

*/s/ Don Kilmer*
Don Kilmer
Counsel for Plaintiff The Second Amendment Foundation

5

*MAY* PLAINTIFFS' EVID. OBJECTIONS TO MANCALL DECLARATION

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *May, et al. v. Bonta*
Case No.: 8:23-cv-01696 CJC (ADSx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF PETER C. MANCALL FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Email: Robert.Meyerhoff@doj.ca.gov
  *Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 20, 2023.

*[signature]*
Christina Castron

CERTIFICATE OF SERVICE