C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua R. Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| RENO MAY, an individual; ANTHONY MIRANDA, an individual; ERIC HANS, an individual; GARY BRENNAN, an individual; OSCAR A. BARRETTO, JR., an individual; ISABELLE R. BARRETTO, an individual; BARRY BAHRAMI, an individual; PETE STEPHENSON, an individual; ANDREW HARMS, an individual; JOSE FLORES, an individual; DR. SHELDON HOUGH, DDS, an individual; SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; THE LIBERAL GUN CLUB, INC.; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>Plaintiffs,<br>v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,<br><br>Defendants. | Case No.: 8:23-cv-01696 CJC (ADSx)<br><br>**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF PROFESSOR TERRANCE YOUNG FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: December 20, 2023<br>Hearing Time: 1:30 p.m.<br>Courtroom: 9 B<br>Judge: Hon. Cormac J. Carney |

**TO THIS HONORABLE COURT:**

Plaintiffs Reno May, Anthony Miranda, Eric Hans, Gary Brennan, Oscar A. Barretto, Jr., Isabelle R. Barretto, Barry Bahrami, Pete Stephenson, Andrew Harms, Jose Flores, Dr. Sheldon Hough, DDS, The Second Amendment Foundation, Gun Owners of America, Inc., Gun Owners of California, Inc., The Liberal Gun Club, Inc., and California Rifle & Pistol Association, Incorporated, hereby jointly object, pursuant to Fed. R. Evid. 401, 402, 403, 601, 702, 703, and 704, to the Declaration of Professor Terrance Young lodged by Defendant in support of his Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction. These objections are raised on the following grounds and as to the following matters contained within the declaration:

**1. Objection to Paragraph 10:**

<u>Foundation</u>. There is no citation to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

**2. Objection to Paragraphs 11-13:**

<u>Foundation</u>. There is no citation to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

<u>Relevance</u>. The post-Reconstruction era history of public parks is manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *See New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. __, 142 S. Ct. 2111, 2137, 2153-54 (2022).

**3. Objection to Paragraph 14:**

<u>Foundation</u>. There is no citation to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

**4.     Objection to Paragraph 15:**

<u>Relevance</u>. The Colonial pre-Founding history of public squares and spaces is not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation. *See Bruen* at 2143.

**5.     Objection to Paragraphs 16-17:**

<u>Foundation</u>. There is no citation or insufficient citations to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

**6.     Objection to Paragraph 18:**

<u>Relevance/Improper Expert Opinion</u>. The declarant opines on a legal question that is for the trier of fact to decide and not a proper subject of expert opinion.

**7.     Objection to Paragraphs 19-22:**

<u>Relevance</u>. Citation to a few outlier examples is not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *See Bruen* at 2133, 2153. Further, the general history of public squares and spaces is not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**8.     Objection to Paragraphs 23-24:**

<u>Foundation</u>. There is no citation to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

**9.     Objection to Paragraphs 25-26:**

<u>Relevance</u>. The general history of private and public cemeteries and other

public spaces is not relevant to the evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**10.     Objection to Paragraph 27:**

<u>Foundation</u>.  No citation to support some of the generalizations contained in the paragraph.

<u>Relevance</u>.   The general history of New York's Central Park without discussion of firearm regulations that did or did not apply to it during the relevant period for identifying firearm regulation analogues is not relevant evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**11.     Objection to Paragraph 28:**

<u>Relevance</u>.  Thomas Jefferson's views on agrarian versus urban living untethered to any discussion of firearm regulations is not relevant evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**12.     Objection to Paragraphs 29-30:**

<u>Relevance</u>.  The pre-Civil War social justifications for the public park movement, absent evidence of firearm regulation in those spaces during that time period, is not relevant evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**13.     Objection to Paragraph 30:**

<u>Relevance</u>.  The influence of the Romanticism movement on the development of public parks, absent evidence of firearm regulation in those spaces during that time period, is not relevant evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

*MAY* PLAINTIFFS' EVID. OBJECTIONS TO YOUNG DECLARATION

**14. Objection to Paragraphs 32-33:**

<u>Relevance</u>. The history of approaches influencing park design in the mid-Nineteenth century, absent evidence of firearm regulation in those spaces during that time period, is not relevant evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**15. Objection to Paragraphs 34-37:**

<u>Foundation</u>. No citation or basis for broad-based conclusions that other park regulations regulating or forbidding firearms existed other than those cited.

<u>Relevance</u>. Seven examples of Reconstruction-era park regulations forbidding firearms is not a sufficient history or tradition of firearms regulation in parks sufficient to be considered anything but outliers. *See Bruen* at 2133, 2153. Post-Reconstruction era examples of park regulations regarding firearms cited are manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation. *See id.* at 2153-54.

**16. Objection to Paragraph 38:**

<u>Relevance</u>. If one could discern the meaning of what it means for "romantic and rationalistic ideals" to "still thrive" in public parks, such an opinion, absent evidence of firearm regulation in those spaces during that time period, is not relevant evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**17. Objection to Paragraph 39:**

<u>Foundation</u>. The declarant does not describe what he means by this and what evidence he did or did not find, the types of evidence which he sought, and the methods he employed to search for that evidence.

4

**18. Objection to Paragraph 40:**

<u>Relevance</u>. The influence of the Romanticism intellectual movement on the development of national parks, absent evidence of firearm regulation in those spaces during that time period, is not relevant evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**19. Objection to Paragraph 41:**

<u>Relevance</u>. The influence of the Romanticism movement on the development of national parks and the opinions of a single park designer, absent evidence of firearm regulation in those spaces during that time period, are not relevant evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**20. Objection to Paragraph 42:**

<u>Relevance</u>. Post-Reconstruction era designations of national parks by Congress are manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**21. Objection to Paragraph 43:**

<u>Relevance</u>. Post-Reconstruction era examples of park regulations regarding firearms are manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**22. Objection to Paragraph 44:**

<u>Relevance</u>. Post-Reconstruction attitudes towards the uses for national parks is manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**23.  Objection to Paragraph 45:**

Foundation.  No citation to authority for broad-based conclusion.

Relevance. Modern attitudes towards the uses for national parks are manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**24.  Objection to Paragraph 46:**

Foundation.  The declarant does not describe what he means by this and what evidence he did or did not find, the types of evidence which he sought, and the methods he employed to search for that evidence.

**25.  Objection to Paragraph 47:**

Foundation.  There is no citation to facts or sources provided to support the opinion expressed by the declarant, and no other information is provided by the declarant to support the origin of or veracity of the declarant's opinion.

Relevance.  The ideological history of state park development, absent the identification of firearm regulation in state parks during the relevant analogical time period, is not relevant evidence of Founding through Reconstruction historical firearm regulation analogues that governments must produce to show a history and tradition of firearms regulation.

**26.  Objection to Paragraph 48-49:**

Relevance.  Post-Reconstruction era history of the establishment of state parks is manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition of firearms regulation.

**27.  Objection to Paragraph 50:**

Relevance.  Depression era history of the establishment of state parks is manifestly not relevant to the evidence of Founding through Reconstruction historical analogues that governments must produce to show a history and tradition

of firearms regulation.

**28. Objection to Paragraph 51:**

<u>Foundation</u>. The declarant does not describe what he means by this and what evidence he did or did not find, the types of evidence which he sought, and the methods he employed to search for that evidence.

**29. Objection to Paragraph 52:**

<u>Relevance</u>. The declarant's inability to have additional time to research historical analogues is not relevant to the issue of the state's burden to have identified a rich analogical tradition of regulation in parks prior to passing SB 2 and its obligation to provide citation to such analogical laws and regulations now to meet its burden on this motion.

For the reasons set forth above, the court should strike or disregard the declaration in its entirety in ruling on Plaintiffs' motion, or, in the alternative, strike and disregard those identified opinions.

Dated: November 20, 2023    **MICHEL & ASSOCIATES, P.C.**

*/s/ C.D. Michel*
C.D. Michel
Counsel for Plaintiffs

Dated: November 20, 2023    **LAW OFFICES OF DON KILMER**
*/s/ Don Kilmer*
Don Kilmer
Counsel for Plaintiff The Second Amendment Foundation

7

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *May, et al. v. Bonta*
Case No.: 8:23-cv-01696 CJC (ADSx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**EVIDENTIARY OBJECTIONS OF PLAINTIFFS TO DECLARATION OF PROFESSOR TERRANCE YOUNG FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Email: Robert.Meyerhoff@doj.ca.gov
  *Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 20, 2023.

Christina Castron

CERTIFICATE OF SERVICE