ROB BONTA
Attorney General of California
R. MATTHEW WISE
MARK R. BECKINGTON
Supervising Deputy Attorneys General
TODD GRABARSKY
JANE REILLEY
LISA PLANK
ROBERT L. MEYERHOFF
Deputy Attorneys General
State Bar No. 298196
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6177
  Fax:  (916) 731-2144
  E-mail:  Robert.Meyerhoff@doj.ca.gov
*Attorneys for Rob Bonta, in his Official Capacity as
Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RENO MAY, et al.,**<br><br>            Plaintiffs,<br><br>     v.<br><br>**ROB BONTA, in his official capacity as Attorney General of California,**<br><br>            Defendant. | Case Nos. 8:23-cv-01696 CJC (ADSx)<br>                 8:23-cv-01798 CJC (ADSx)<br><br>**DEFENDANT'S OBJECTIONS TO REBUTTAL DECLARATION OF CLAYTON CRAMER**<br><br>Date:           December 20, 2023<br>Time:           1:30 p.m.<br>Courtroom:  9B<br>Judge:          Hon. Cormac J. Carney |
| **MARCO ANTONIO CARRALERO, et al.,**<br><br>            Plaintiffs,<br><br>     v.<br><br>**ROB BONTA, in his official capacity as Attorney General of California.**<br><br>            Defendant. | |

## INTRODUCTION

The *May* Plaintiffs' purported expert, Clayton Cramer, filed a 51-page declaration in response to the testimony of Defendant's experts. Many of the substantive deficiencies in that declaration are addressed in Defendant's sur-rebuttal declarations. *See May* Dkt. Nos. 32-38; *Carralero* Dkt. Nos. 31-37. The objections below are focused solely on Mr. Cramer's legal conclusions about how to interpret *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Because such testimony is plainly inadmissible, it should be disregarded and stricken from the record. *See U.S. v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) (stating that an expert "cannot testify to a matter of law amounting to a legal conclusion").

## LEGAL STANDARD

Federal Rule of Evidence 702 permits expert testimony only from a witness who is "qualified as an expert by knowledge, skill, experience, training, or education." General qualifications as an expert are not sufficient, however. Rather, an expert witness must be qualified in the specific subject for which his testimony is offered. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590-91 (1993). Rule 702 also "places limits on the areas of expertise and the methodologies of analysis which may be covered and used by an expert witness." *DSU Med. Corp. v. JMS Co., Ltd.*, 296 F. Supp. 2d 1140, 1146 (N.D. Cal. 2003). While expert testimony is not necessarily "objectionable because it embraces an ultimate issue," Fed. R. Evid. 704, this exception does not extend to testimony on an ultimate issue of law. *See United States v. Diaz*, 876 F.3d 1194, 1196-97 (9th Cir. 2017) ("Consistent with Rule 704(a), this court has repeatedly affirmed that an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (internal quotations and citations omitted).

# ARGUMENT

Defendant objects that the following portions of the Rebuttal Declaration of Clayton Cramer, *May* Dkt. No. 29-15—which purport to interpret (and frequently misinterpret) *Bruen*—constitute improper legal conclusions:

- Paragraph 28 in its entirety.
- Paragraph 30 in its entirety.
- Paragraph 32, with the exception of the first sentence.
- Paragraph 52's second sentence.
- Paragraph 54's testimony purporting to interpret *Bruen*, in particular the assertion about "*Bruen*'s rejection of interest-balancing."
- Paragraph 77's testimony purporting to interpret *Bruen*, in particular the assertion that certain evidence "is of no relevance to any case involving the standards set down by *Bruen*."
- Paragraph 79's testimony purporting to interpret *Bruen*, in particular the assertion that certain evidence "is of no relevance to any case involving the standards set down by *Bruen*."
- Paragraph 81's testimony purporting to interpret *Bruen*, in particular the assertion that certain evidence "is of no relevance to any case involving the standards set down by *Bruen*."
- Paragraph 90's testimony purporting to interpret *Bruen*, in particular the assertion about "the dates of importance to *Bruen*."
- Paragraph 91's testimony purporting to interpret *Bruen*, in particular the assertion about "the *Bruen* cutoff date."
- Paragraph 98's testimony purporting to interpret *Bruen*, in particular the assertion that certain evidence "is past the date *Bruen* considers relevant."
- Paragraph 102's testimony purporting to interpret *Bruen*, in particular the assertion that certain evidence "is too late for *Bruen*."
- Paragraph 104 in its entirety.

- Paragraph 109's testimony purporting to interpret *Bruen*, in particular the assertion that certain evidence "ha[s] been rejected as irrelevant by *Bruen*."
- Paragraph 110's testimony purporting to interpret *Bruen*, in particular the assertion that certain evidence should be disregarded because it is an "outlier" or "post-1868."
- Paragraph 111's last sentence.
- Paragraph 113 in its entirety.
- Paragraph 129's testimony purporting to interpret *Bruen*, in particular the assertion about "*Bruen*'s rejection of [the] significance" of certain evidence.
- Paragraph 130 in its entirety.
- Paragraph 137 in its entirety.
- Paragraph 138's second and third sentences.
- Paragraph 141 in its entirety.
- Paragraph 149 in its entirety.
- Paragraph 154's last sentence.
- Paragraph 158's last sentence.
- Paragraph 163 in its entirety.
- Paragraph 165 in its entirety.
- Paragraph 166 in its entirety.
- Paragraph 173 in its entirety.
- Paragraph 174's second sentence.
- Paragraph 177 in its entirety.
- Paragraph 178's second and third sentences.
- Paragraph 179 in its entirety.
- Paragraph 180's testimony purporting to interpret *Bruen*, in particular the assertion that certain evidence should be disregarded because "*Bruen* treated [it] as a special case" or because it is an "outlier[]."

- Paragraph 182 in its entirety.

Because such testimony invades the province of the Court, *see Diaz*, 876 F.3d at 1196-97, it should be disregarded and stricken from the record.

## CONCLUSION

Defendant respectfully requests that this Court sustain the above objections to the Rebuttal Declaration of Clayton Cramer and strike the challenged testimony from the record.

Dated: December 8, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
R. MATTHEW WISE
Supervising Deputy Attorneys General

/s/ Robert L. Meyerhoff
ROBERT L. MEYERHOFF
Deputy Attorney General
*Attorneys for Defendant*

| | |
|---|---|
| 1 | **CERTIFICATE OF COMPLIANCE** |

2  The undersigned, counsel of record for Defendant, certifies that this brief

3  contains 765 words, which complies with the word limit of L.R. 11-6.1.

4  Dated:  December 8, 2023                    Respectfully submitted,

Rob Bonta
Attorney General of California
Mark R. Beckington
R. Matthew Wise
Supervising Deputy Attorneys General


/s/ Robert L. Meyerhoff
Robert L. Meyerhoff
Deputy Attorney General
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

Case Names: ***Reno May, et al. v. Robert Bonta, et al.;***
***Carralero, Marco Antonio, et al. v. Rob Bonta***

Case Nos. **8:23-cv-01696-CJC (ADSx); 8:23-cv-01798-CJC (ADSx)**

I hereby certify that on December 8, 2023, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S OBJECTIONS TO REBUTTAL DECLARATION OF CLAYTON CRAMER**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished electronically by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct.

Executed on December 8, 2023, at San Francisco, California.

| | |
|---|---|
| Vanessa Jordan | Vanessa Jordan |
| Declarant | Signature |