C. D. Michel – SBN 144258
cmichel@michellawyers.com
Anna M. Barvir – SBN 268728
abarvir@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO MAY, et al., <br><br>                    Plaintiffs, <br><br>       v. <br><br> ROBERT BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10, <br><br>                 Defendant. | Case No.: 8:23-cv-01696-MRA-ADS <br><br> **JOINT RULE 26(f) REPORT FOR MANDATORY SCHEDULING CONFERENCE OF MAY 5, 2025** <br><br> Complaint Filed: September 12, 2023 <br> Answer Filed:    March 20, 2025 <br> Final Pretrial Conference (Proposed): March 16, 2026 <br><br> Judge:  Hon. Mónica Ramírez Almadani <br><br> Filed concurrently with Joint Rule 26(f) Report in *Carralero v. Bonta*, No. 8:23-cv-01798-MRA-ADS |

On April 9, 2025, Plaintiffs Reno May, Anthony Miranda, Eric Hans, Gary Brennan, Oscar A. Barretto, Isabelle R. Barretto, Barry Bahrami, Pete Stephenson, Andrew Harms, Jose Flores, Dr. Sheldon Hough, The Second Amendment Foundation, Gun Owners of America, Gun Owners Foundation, Gun Owners of California, Inc., Liberal Gun Owners Association, and California Rifle & Pistol Association, Incorporated ("*May* Plaintiffs"), Plaintiffs Marco Antonio Carralero, Garrison Ham, Michael Schwartz, Orange County Gun Owners PAC, San Diego County Gun Owners PAC, California Gun Rights Foundation, and Firearms Policy Coalition, Inc. ("*Carralero* Plaintiffs") and Defendant Rob Bonta ("Defendant" or the "Attorney General"), through their counsel of record, met pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's April 1, 2025 Order Setting Scheduling Conference (ECF No. 67).[1]

During that conference, counsel for the Parties discussed all matters required by Rule 26(f), Local Rule 26-1, and the orders of this Court. The *May* and *Carralero* Parties hereby submit this Joint Rule 26(f) Report in advance of the Scheduling Conference set for May 5, 2025.

## 1.    Statement of the Case

Plaintiffs' Statement

In late 2023, the State enacted Senate Bill 2 ("SB 2"), which added section 26230 to the Penal Code and banned carry in a variety of locations—even for those issued a CCW permit. Each individual Plaintiff has been issued a concealed handgun license ("CCW Permit") under California Penal Code section 26150 or 26155, but the enactment and enforcement of SB 2 effectively nullified their CCW Permits, making concealed carry in public unlawful in practically all places except "some streets and sidewalks." Plaintiffs

---

[1] This matter was consolidated both for its preliminary injunction hearing and on appeal with *Carralero, et al. v. Robert Bonta* (Case No. 8:23-cv-01798-MRA-ADS). The cases are similar with only a few differences in the aspects of the statute challenged. All parties agree that it would serve the interests of judicial economy for this Court to continue to hear the two cases together on the same schedule. The *Carralero* Plaintiffs participated in the conference of counsel and have submitted a nearly identical report.

thus sued on the grounds that SB 2 violates the Second and Fourteenth Amendments facially and as applied to Plaintiffs, insofar as it precludes law-abiding citizens from carrying a firearm for lawful purposes in public places that are not "sensitive places." The *May* Plaintiffs also brought free speech and due process claims.

The *May* Plaintiffs moved for and obtained a preliminary injunction, enjoining the enforcement of SB 2's restrictions on public carry in hospitals, public transportation, establishments that sell alcohol for consumption on the premises, playgrounds, parks, state parks, libraries, churches, banks, and any other privately owned commercial establishment that is open to the public, unless the operator clearly and conspicuously posts a sign indicating that license holders are permitted to carry firearms on the property (which the *May* Plaintiffs call the "Vampire Rule"), and the parking lots serving all of those places.

The *Carralero* Plaintiffs moved for and obtained a preliminary injunction, enjoining the enforcement of SB 2's restrictions on public carry in public carry in hospitals, public transportation, establishments that sell alcohol for consumption on the premises, public gatherings and special events, parks and athletic facilities; gambling establishments; stadiums, arenas, and amusement parks; public libraries, zoos, and museums; and privately owned businesses open to the public, unless the operator clearly and conspicuously posts a sign indicating that license holders are permitted to carry firearms on the property.

On appeal, a panel of the Ninth Circuit affirmed in part and reversed in part. The court upheld this Court's preliminary injunction as to hospitals, public transportation, churches, banks, public gatherings, shared parking lots, and the Vampire Rule, but the State prevailed as to establishments serving alcohol, playgrounds, parks, state parks, gambling establishments, stadiums, arenas, amusement parks, zoos, museums, and

libraries. *Wolford v. Lopez*, 116 F.4th 971 (9th Cir. 2024).[2] Plaintiffs petitioned for en banc review, which was denied, though eight judges dissented from that denial. *Wolford v. Lopez*, 125 F.4th 1230 (9th Cir. 2025). The *May* Plaintiffs amended their complaint, incorporating the Ninth Circuit's guidance and eliminating the free speech and due process claims.

Defendant's Statement

California has long restricted carrying firearms in certain sensitive places, including in school zones (Cal. Penal Code § 626.9); state or local public buildings (*id*. § 171b); the State Capitol and its grounds (*id*. § 171c); airports (*id*. § 171.5); and the "sterile areas" of public transportation facilities (*id*. § 171.7).

In 2023, California enacted SB 2 to address California's "compelling interests in protecting both individual rights and public safety." SB 2 (2023–2024 Reg. Sess.), § 1(a). As relevant here, SB 2 prohibits concealed carry licensees from carrying firearms into certain locations identified as sensitive places. This case does not involve many of those locations: schools ((a)(1)), preschools ((a)(2)), executive or legislative branch buildings ((a)(3)), judicial buildings ((a)(4)), correctional facilities ((a)(6)), higher education facilities ((a)(14)), airports or passenger vessel terminals ((a)(18)), nuclear facilities ((a)(21)), law enforcement facilities ((a)(24)), polling places ((a)(25)), and any other places prohibited by other provisions of state, federal, or local law ((a)(26)-(29)), except as to those provisions which also restrict carry in the parking lots of those places.

The provisions which Plaintiffs challenge in this case bar licensees from carrying firearms in local government buildings ((a)(5)), health care facilities ((a)(7)), on public transit ((a)(8)), in establishments that sell liquor for consumption on site ((a)(9)), at public gatherings and special events ((a)(10)), playgrounds and youth centers ((a)(11)), local

---

[2] Both *May* and *Carralero* were consolidated on appeal with *Wolford v. Lopez*, which concerns Hawaii's similar law. The *Wolford* plaintiffs are seeking certiorari from the Supreme Court. Plaintiffs will notify this Court should that petition be granted.

parks and athletic facilities ((a)(12)), state parks ((a)(13)), casinos ((a)(15)), stadiums ((a)(16)), libraries ((a)(17)), amusement parks ((a)(19)), museums and zoos ((a)(20)), houses of worship without the operator's consent ((a)(22)), and financial institutions ((a)(23)), on private property without the owner's consent ((a)(26)), and in the parking lots of each of the sensitive places identified in SB 2 which were defined to include the parking lot of that place, including jails and nuclear power plants. *Id.* SB 2 features various exceptions that facilitate the right of CCW licensees to carry in public. *Id.*, (a)(10), (a)(12)), (b), (c), and (e). Other provisions protect the right of licensees to transport firearms in their vehicles (*id.*, (b)), and allow them to store firearms in their vehicles in the parking lots of sensitive places (*id.*, (c)).

Plaintiffs in both cases moved for and obtained preliminary injunctions, *May v. Bonta*, 709 F. Supp. 3d 940 (C.D. Cal. 2023), and the Attorney General appealed both injunctions. On September 6, 2024, the Ninth Circuit reversed in part and affirmed in part the injunctions, finding that Plaintiffs were unlikely to succeed on their challenges to restrictions with respect to bars and restaurants that serve alcohol, playgrounds, youth centers, parks, athletic areas, athletic facilities, most real property under the control of the Department of Parks and Recreation or Department of Fish and Wildlife, casinos and similar gambling establishments, stadiums, arenas, public libraries, amusement parks, zoos, and museums; parking areas and similar areas connected to those places; and all parking areas connected to other sensitive places listed in the statute; and that they were likely to succeed on their challenges to restrictions at hospitals and similar medical facilities, public transit, gatherings that require a permit, places of worship, financial institutions, parking areas and similar areas connected to those places, and the new default rule as to private property. *Wolford v. Lopez*, 116 F.4th 959 (9th Cir. 2024). Plaintiffs petitioned for en banc review, which was denied. *Wolford v. Lopez*, 125 F.4th 1230 (9th Cir. 2025).

**2.    Subject Matter Jurisdiction**

Plaintiffs' Statement

Federal jurisdiction of this action is founded on 28 U.S.C. § 1331 because the action arises under the Constitution and laws of the United States, thus raising federal questions. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the alleged deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the state of California and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-2202, and their claim for attorneys' fees is authorized by 42 U.S.C. §1988.

Defendant's Statement

The Attorney General acknowledges that Plaintiffs' complaint alleges claims that facially present claims arising under the Constitution and the laws of the United States.

At his time, however, Plaintiffs have yet to demonstrate standing sufficient to establish that this Court has Article III jurisdiction. Without the benefit of discovery, it cannot be determined whether any of *May* Plaintiffs or *Carralero* Plaintiffs have standing to bring their claims.

The Parties do not dispute the facts requisite to federal jurisdiction.

**3.  Legal Issues**

Plaintiffs' Statement of Issues

1.      Whether California's ban on the public carry of firearms in certain designated locations challenged by Plaintiffs, *see* California Penal Code section 26230, violate the Second Amendment?

Defendant's Statement of Issues

1.      Whether Plaintiffs can meet their burden of establishing that their proposed course of conduct (i.e., carrying firearms in certain sensitive places) is covered by the plain text of the Second Amendment?

2.      If Plaintiffs can meet their burden at the plain text stage, whether the Attorney General can meet his burden of establishing that the challenged restriction fit

JOINT RULE  26(f) REPORT

with the Nation's historical tradition of firearms regulation?

**4.      Parties, Evidence, Etc.**

Parties

The *May* Plaintiffs are Reno May, Anthony Miranda, Eric Hans, Gary Brennan, Anthony Barretto, Isabelle R. Barretto, Barry Bahrami, Pete Stephenson, Jose Flores, Andrew Harms, Dr. Sheldon Hough, DDS, The Second Amendment Foundation, Gun Owners of America, Gun Owners Foundation, Gun Owners of California, Inc., the Liberal Gun Owners Association, and the California Rifle & Pistol Association, Incorporated.

Affiliated entities of California Rifle & Pistol Association, Incorporated are The CRPA Foundation and California Rifle & Pistol Association Political Action Committee.

The *Carralero* Plaintiffs are Marco Antonio Carralero, Garrison Ham, Michael Schwartz, Orange County Gun Owners PAC, San Diego County Gun Owners PAC, California Gun Rights Foundation, and Firearms Policy Coalition, Inc.

The defendant in both cases is Rob Bonta, in his official capacity as Attorney General of the State of California.

The *May* Plaintiffs' Witnesses

Besides the Plaintiffs themselves, at this time, the only witnesses the Plaintiffs expect to call fall into two categories:

1.      Members of the Associational Plaintiffs who can speak to some of the issues in this case. For example, in support of their arguments for a preliminary injunction, the *May* Plaintiffs presented declarations from non-plaintiff members of the associations, such as Mr. Moris Davidovitz, who wrote about how section 26230 negatively affected him by frustrating his efforts to protect his grandchildren and by attempting to restrict his carrying of a firearm in his synagogue, where he feels vulnerable due to recent attacks against Jewish Americans.

2.      Expert witnesses, who will be presented to rebut expert witnesses presented by the Attorney General.

JOINT RULE  26(f) REPORT

### The *May* Plaintiffs' Key Documents

Documents to be relied upon by Plaintiffs include all documents referenced in filings so far, including data that Americans with CCW permits are overwhelmingly law-abiding and present no criminal threat, as this Court previously confirmed, all documents submitted to the Court, correspondence between the parties, legislative histories of the challenged statute, all documents relied upon by witnesses, and any other judicially noticeable documents. Plaintiffs may also rely upon any documents sought from Defendants in the course of discovery. This is not an exhaustive list, and Plaintiffs will continue to identify relevant documents as the case progresses.

### The *Carralero* Plaintiffs' Witnesses

At this time, the only witnesses the *Carralero* Plaintiffs expect to call are the Individual Plaintiffs themselves, along with representatives from each of the Organizational Plaintiffs. Plaintiffs reserve the right to call any witnesses called by or relied upon by the other parties in this case, including expert witnesses designated by the Defendant.

### The *Carralero* Plaintiffs' Key Documents

Documents to be relied upon by Plaintiffs include all documents referenced in filings so far, including, but not limited to: data that Americans with CCW permits are overwhelmingly law-abiding and present no criminal threat, as this Court previously confirmed; all documents submitted to the Court; correspondence between the parties; the legislative history of the challenged statute; all documents relied upon by witnesses; and any other judicially noticeable documents. Furthermore, Plaintiffs may rely on documents that bear on the legislative facts that inform the Court's constitutional analysis; this may include items such as historical and social scientific information. Plaintiffs may also rely upon any documents produced during the course of discovery.

### Defendant's Witnesses

At this time, the Attorney General foresees putting forward expert testimony from those experts who submitted declarations in support of its opposition to Plaintiffs' motions

for preliminary injunction, as well as other experts who can provide testimony relating to the issues in this case.

<u>Defendant's Key Documents</u>

At this time, the Attorney General foresees relying on records of historical laws, practices, and customs, as well as documents produced by Plaintiffs in response to the Attorney General's discovery requests.

**5.   Damages**

As this is a case for declaratory and injunctive relief, Plaintiffs seek only nominal damages. Plaintiffs will also seek attorney fees and costs if they are the prevailing party under 42 U.S.C. §§ 1983 and 1988.

**6.   Insurance**

Insurance is not an issue in this case.

**7.   Motions**

**(a)   Procedural Motions**

The Parties agree that it is unlikely that any motion to add other parties or claims, to file amended pleadings, or to transfer venue will be filed.

**(b)   Dispositive Motions**

Given this case will likely come down to purely legal disputes, the Parties anticipate filing cross-motions for summary judgment.

The Parties have discussed and agreed to ask this Court for an order altering the standard briefing schedule (where the Parties would simultaneously file cross-motions, oppositions, and replies), as follows: (1) Plaintiffs will move for summary judgment; (2) Defendant will file his opposition and a cross-motion for summary judgment; (3) Plaintiffs will file their reply and an opposition to Defendant's cross-motion; and, finally (4) Defendant will file his reply.

**8.   Manual for Complex Litigation**

The parties agree that the matter is not complex and thus propose that the procedures of the Manual for Complex Litigation need not be used in managing this case.

JOINT RULE  26(f) REPORT

8:23-cv-01696-MRA-ADS

**9.    Discovery**

    **(a)    Status of Discovery**

    The Parties have not yet engaged in formal adversarial discovery. Although this case was first filed on September 12, 2023, the Parties did not immediately begin discovery efforts because they reasonably (and correctly) anticipated that any decision on Plaintiffs' Motion for Preliminary Injunction (and the subsequent appeal) would provide the Parties with guidance about what, if any, factual issues require traditional discovery in this case. Discovery will begin now that the Parties have met and conferred per Rule 26(d)(1).

    **(b)    Discovery Plan**

    *Initial Disclosures (FRCP 26(f)(3)(A))*: The Parties agree that no changes need to be made to the disclosures required by Rule 26(a). Initial disclosures will be made on or before April 23, 2025.

    *Anticipated Scope & Subjects of Discovery (FRCP 26(f)(3)(B)):* Pursuant to Rule 26(f)(3)(B), the Parties agree that discovery will be conducted on the allegations and claims contained in the *May* and C*arralero* Plaintiffs' operative Complaints and the denials and defenses raised in the Defendant's Answers.

    The Parties presently intend to propound written discovery in the form of interrogatories, requests for production, and requests for admission as authorized by the Federal Rules. The Parties also intend to conduct the depositions of the parties and third-party expert witnesses.

    The Parties agree that discovery need not be conducted in phases and will not be limited to particular issues.

    <u>The *May* Plaintiffs' Statement Re: Scope of Discovery</u>

    The central issues of this case revolve around legal determinations rather than factual findings and are thus not fact-discovery intensive. Plaintiffs do not anticipate propounding written discovery, or if they do, such discovery will be minimal and seek to clarify ambiguity about Penal Code section 26230's definitions of restricted locations. If

10

JOINT RULE 26(f) REPORT

8:23-cv-01696-MRA-ADS

1    necessary, Plaintiffs will propound written discovery about these issues and they will

2    likely depose the State's designated experts.

3        The *Carralero* Plaintiffs' Statement Re: Scope of Discovery

4        Given the nature of Plaintiffs' challenge to the constitutionality of California's

5    regulation of the right to carry handguns publicly for self-defense in certain designated

6    locations, Plaintiffs do not currently intend to conduct written discovery or notice the

7    depositions of percipient witnesses.

8        Furthermore, Plaintiffs oppose the use of expert witnesses in this case, on the

9    grounds that the constitutional issues presented by the complaint implicate no evidentiary

10   issues at all (other than minimal inquiry into Plaintiffs' standing). Addressing a similar

11   challenge on appeal, the Seventh Circuit in *Moore v. Madigan*, 702 F.3d 933, 942 (7th

12   Cir. 2012) reversed a decision granting a motion to dismiss and, rather than remanding for

13   discovery (expert or otherwise), summary judgment, and (if necessary) trial, it ordered

14   judgment entered for plaintiffs noting "there [were] no evidentiary issues in [the] case[]"

15   because "the constitutionality of the challenged statutory provisions [did] not present

16   factual questions for determination at trial" but rather turned on "legislative facts," *i.e.*,

17   "facts that bear on the justification for legislation, as distinct from facts concerning the

18   conduct of the parties in a particular case." The same reasoning applies here, and the facts

19   bearing on the justification for the challenged legislation can be addressed in briefing and

20   argument, just as they were in *Moore* and in other cases presenting issues similar to this

21   case. *See, e.g.*, *Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 5 F.4th

22   407 (4th Cir. 2021), vacated as moot, No. 19-2250, slip op. at 7 (Sept. 22, 2021); *Nat'l

23   Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338 (5th Cir. 2013); *Nat'l Rifle Ass'n, Inc. v.

24   Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185 (5th Cir. 2012).

25   Furthermore, both *Bruen* and the recent decision in *Rahimi* underscore that such expert

26   evidence is unnecessary: In neither case did the Court cite or discuss expert evidence, and

27   in both cases the Court emphasized that the task of analogical reasoning is "a

28

commonplace task for any lawyer or judge." *Bruen*, 597 U.S. at 28; *United States v. Rahimi*, 602 U.S. 680, 692 (2024) (quoting *Bruen*).

That said, if the Court permits experts witnesses, the *Carralero* Plaintiffs propose that the Court streamline expert discovery by (1) limiting the State to the reports it submitted in connection with the preliminary injunction motion; and (2) permitting the *May* Plaintiffs to submit rebuttal reports.

### Defendant's Statement Re: Scope of Discovery

The Court should enter a scheduling order that allows for fact and expert discovery and thus comports with (a) the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2211 (2022), and (b) the regular practice of permitting discovery before motions for summary judgment. *Bruen* holds that courts must apply a standard "rooted in the Second Amendment's text, as informed by history." *Id*. at 2116–17. Under this "text-and-history" standard, courts must determine whether "the Second Amendment's plain text" protects the conduct in which the plaintiff wishes to engage, and if it does, then decide whether the regulation "is consistent with this Nation's historical tradition of firearm regulation." Id. at 2126. *Bruen* directs district courts (and then, later, courts of appeals) resolving these questions to follow "various evidentiary principles and default rules," including "the principle of party presentation." *Id*. at 2130 n.6. In light of this standard, the parties should be permitted to conduct both fact and expert discovery to develop a factual, legal, and historical record in support of this analysis. This approach would serve the interests of the parties, allowing them a full and fair opportunity to address the emphasis on historical analogues and to prepare a record responsive to the text-and-history standard.

The Attorney General intends to propound written discovery to, and take depositions of, Plaintiffs in both cases as to, *inter alia*, the merits of their claims and their standing to bring them. The Attorney General further intends to designate expert witnesses to provide testimony relating to, *inter alia*, historical laws, practices, and customs. Plaintiffs do not provide any basis, other than their desire to "streamline discovery," for

12

JOINT RULE  26(f) REPORT

their request to limit the State to the reports it submitted in connection with the preliminary injunction motion. This request has no basis in the Federal Rules, nor does it comport with the Ninth Circuit's decision on the preliminary injunction appeal, in which it acknowledged that its analysis was based only "[o]n the current record, and for the purpose of preliminary relief." *See Wolford v. Lopez*, 116 F.4th 959, 1000 (9th Cir. 2024)

*Electronically Stored Information (FRCP 26(f)(3)(C)):* In accordance with Rule 26(f)(3)(C), the Parties have discussed electronically stored information. As guiding principles, the Parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information, and to use their best efforts to produce electronically stored information in the format preferred by the requesting party, including reasonable requests for production of such information with metadata intact.

*Privilege Issues (FRCP 26(f)(3)(D)):* In accordance with Rule 26(f)(3)(D), the Parties have discussed privilege and protection issues. At this time, the Parties agree there is no need for a protective order. Should a need arise for a protective order, the Parties agree to meet and confer in good faith to discuss the terms of a protective order and preserve their rights to seek such orders from the Court.

*Changes to Discovery Limitations (FRCP 26(f)(3)(E)):* The Parties do not currently anticipate the need to change the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules, and applicable case law. The Parties reserve the right to seek leave of Court to exceed these discovery limitations if necessary

*Other Discovery & Scheduling Orders (FRCP 26(f)(3)(F)):* In accordance with Rule 26(f)(3)(F), the Parties have discussed the need for other discovery or scheduling orders under Rules 26(c), 16(b), and 16(c). They do not presently see the need for other discovery orders, but as noted in Part 7(b) *supra*, the Parties have discussed and agreed to ask this Court for an order altering the standard summary judgment briefing schedule.

**(c)    Discovery Cut-Off**

The Parties propose the following cutoff dates for the completion of discovery, including the resolution of all discovery motions: September 29, 2025.

**(d)    Expert Discovery**

The Parties propose the following deadlines for disclosure of expert witnesses and any written report from an expert witness required under Rule 26(a)(2)(B):

| | |
|---|---|
| Initial Expert Disclosure | August 25, 2025 |
| Rebuttal Expert Disclosure | September 29, 2025 |
| Sur-Rebuttal Report (if necessary) | October 10, 2025 |
| Expert Discovery Cut-Off | October 20, 2025 |

**(e)    Settlement Conference / Alternative Dispute Resolution (ADR)**

To date, the Parties have not engaged in any efforts to settle or otherwise resolve this matter. The Parties discussed the potential for settlement, and while they remain amenable to negotiate, they agree settlement is unlikely because this case involves a constitutional challenge to a state law.

If ADR is mandated by this Court or the Parties wish to engage in ADR, the Parties agree to Procedure No. 1 (i.e., settlement conference before the magistrate judge assigned to the case).

**(f)    Trial**

**i.    Trial Estimate**

The Parties highly anticipate that this matter will be decided on summary judgment. That said, if this case does go to trial, the Parties anticipate that trial should take 4 court days. If this case goes to trial, the *May* Plaintiffs currently contemplate calling between 5-10 witnesses, and the defendant currently contemplates calling between 8-12 witnesses (most, if not all, would be expert witness).

**ii.    Jury or Court Trial**

The Parties agree that trial will be by court.

### iii.    Consent to Trial Before a Magistrate Judge

The Parties have discussed whether to consent to have a Magistrate Judge conduct any and all necessary proceedings and order the entry of judgment in this matter. The Parties do not agree to consent to the assignment of this matter to a Magistrate Judge.

### iv.    Lead Trial Counsel

The *May* Plaintiffs will be represented at trial by lead trial counsel, Anna M. Barvir, Michel & Associates, P.C. She will be assisted by Mr. Konstandinos T. Moros, Michel & Associates, P.C., and Mr. Donald Kilmer, Law Office of Donald Kilmer, APC.

The *Carralero* Plaintiffs will be represented at trial by lead trial counsel, Bradley Benbrook. He will be assisted by Stephen Duvernay.

Defendant Rob Bonta will be represented at trial by Robert L. Meyerhoff, Deputy Attorney General. He will be assisted by Todd Grabarsky, Lisa Plank, Jane Reilly, and Carolyn Downs.

### (g)    Independent Expert or Master (L.R. 53-1)

The Parties agree that the Court need not appoint a master pursuant to Rule 53 or an independent scientific expert.

### (h)    Other Issues

Except for those issues raised in the sections above, the parties have not identified any other issue affecting the status or management of the case.

Respectfully submitted,

Dated: April 21, 2025            **MICHEL & ASSOCIATES, P.C.**

*/s/ Anna M. Barvir*
Anna M. Barvir
*Attorneys for Plaintiffs*

Dated: April 21, 2025            **LAW OFFICES OF DONALD KILMER, APC**

*/s/ Donald Kilmer*
Donald Kilmer
*Attorneys for Plaintiffs*

Dated: April 21, 2025

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
ROBERT L. MEYERHOFF
Deputy Attorney General

*/s/ Robert L. Meyerhoff*
ROBERT L. MEYERHOFF
Deputy Attorney General
*Attorneys for Defendant Robert Bonta*

## ATTESTATION OF E-FILED SIGNATURES

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 21, 2025

**MICHEL & ASSOCIATES, P.C.**

*/s/ Anna M. Barvir*
Anna M. Barvir
*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

Case Name: *May, et al. v. Bonta*
Case No.: 8:23-cv-01696 CJC (ADSx)

IT IS HEREBY CERTIFIED THAT:

      I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

      I am not a party to the above-entitled action. I have caused service of:

**JOINT RULE 26(f) REPORT FOR MANDATORY SCHEDULING CONFERENCE OF MAY 5, 2025**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Email: Robert.Meyerhoff@doj.ca.gov
   *Attorney for Defendant*

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed April 21, 2025.

Laura Fera