C.D. Michel – SBN 144258
cmichel@michellawyers.com
Anna M. Barvir – SBN 268728
abarvir@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer – SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| *In re: Senate Bill 2 Litigation* | Case No.: 8:23-cv-01696-MRA-ADS |
| This Document Relates To:<br>All Actions | Hon. Mónica Ramírez Almadani<br><br>**JOINT STATUS REPORT REGARDING PROPOSED AMENDED PRETRIAL SCHEDULE** |

## JOINT STATUS REPORT

Pursuant to the Court's July 24, 2026 Order (ECF No. 87), Plaintiffs Reno May, Anthony Miranda, Eric Hans, Gary Brennan, Oscar A. Barretto, Jr., Isabelle R. Barretto, Barry Bahrami, Pete Stephenson, Andrew Harms, Jose Flores, Dr. Sheldon Hough, DDS, Second Amendment Foundation, Gun Owners of America, Gun Owners Foundation, Gun Owners of California, Inc., Liberal Gun Owners Association, and California Rifle & Pistol Association, Incorporated (the *May* Plaintiffs), Plaintiffs Marco Antonio Carralero, Garrison Ham, Michael Schwartz, Orange County Gun Owners PAC, San Diego County Gun Owners PAC, California Gun Rights Foundation, and the Firearms Policy Coalition, Inc. (the *Carralero* Plaintiffs), and Defendant Rob Bonta in his official capacity as Attorney General of California (Defendant Bonta, and collectively with the *Carralero* and *May* Plaintiffs, the Parties), submit this Joint Status Report Regarding Proposed Amended Pretrial Schedule and attached Proposed Schedule of Pretrial Dates Worksheet.

### I. Proposed Pretrial Schedule

On August 19, 2026, the Parties met and conferred to prepare and submit the Proposed Schedule of Pretrial Dates Worksheet attached hereto as APPENDIX A. The worksheet largely reflects the Court's recommended default timeline for certain events, including the deadlines for expert challenges and other non-discovery motions. The Parties, however, wish to bring three case-management issues to the Court's attention: (1) the reopening of expert discovery in light of the Supreme Court's recent decisions in *Wolford v. Lopez*, __ U.S. __, 146 S. Ct. 2032 (2026), and *United States v. Hemani*, __ U.S. __, 146 S. Ct. 1677 (2026); (2) the timing of potential challenges to expert testimony; and (3) setting a briefing and hearing schedule for cross-motions for summary judgment. They also address issues regarding the possibility that an advisory jury may be impaneled in this matter.

### II. Expert Disclosures & Discovery

Before the Court stayed this case pending the Supreme Court's decision in

*Wolford*, expert discovery was scheduled to close on October 20, 2025. The Parties' stay request expressly contemplated that any party may ask this Court to re-open discovery, recognizing that the Supreme Court's analysis in *Wolford* may impact the analysis of (and the evidence relevant to) this case.

<u>The Joint Position of the *May* Plaintiffs and Defendant Bonta</u>: In light of the Supreme Court's intervening decisions in *Wolford* and *Hemani*, the *May* Plaintiffs and Defendant Bonta believe that good cause exists to reopen expert discovery and thus propose that Defendant Bonta have until **October 16, 2026**, to determine whether it will supplement its previously served expert reports and to serve any supplemental expert reports. If Defendant Bonta serves supplemental expert reports, the Parties propose that the Plaintiffs have until **November 16, 2026,** to serve any rebuttal expert report(s) necessitated by the supplemental disclosures. The Parties also propose an expert discovery cut-off of **December 16, 2026**.

The *May* Plaintiffs and Defendant Bonta believe that this approach will provide Defendant Bonta with sufficient time to evaluate the effect, if any, of the intervening decisions on its existing expert disclosures while also providing the *May* Plaintiffs a reasonable opportunity to respond to any supplemental opinions.

<u>The *Carralero* Plaintiffs' Position</u>: The *Carralero* Plaintiffs are prepared to resolve this case on the merits without further delay and request that the Court set a briefing schedule on cross-motions for summary judgment. As detailed in the *Carralero* Plaintiffs' previous submissions, the constitutional questions raised in this case do not warrant the use of expert witnesses, nor do they necessitate a trial. The *Carralero* Plaintiffs maintain that expert witnesses are irrelevant to this matter, which can and should be resolved using legislative facts, as addressed more fully below. Neither *Wolford* nor *Hemani* did anything to alter that conclusion.

## III. Timing of Potential Challenges to Expert Testimony

<u>The *May* Plaintiffs' Position</u>: The *May* Plaintiffs presently anticipate that they may file *Daubert* motions and/or motions in limine challenging certain expert

testimony, and they may choose to do so before the deadline reflected in the Court's worksheet for such motions, potentially including before the hearing of summary judgment or other substantive, non-discovery motions. The *May* Plaintiffs raise this issue now so that neither the Court nor the other parties are surprised if such motions are filed earlier than the schedule might otherwise suggest.

The potential for earlier expert challenges arises from the circumstances of this case. Together, the Parties have disclosed 14 experts, and the *May* Plaintiffs anticipate challenging the admissibility and/or relevance of substantial portions of that expert testimony. Among other things, the *May* Plaintiffs' position is that much of the anticipated expert testimony does not bear on the constitutional inquiry required under *Heller* and *Bruen*. The resolution of these issues may materially affect the scope of the issues presented in the Parties' anticipated substantive motions.

In particular, the early resolution of expert challenges could: (1) clarify the evidentiary record on which the Parties' substantive motions will be briefed; (2) narrow the issues presented on summary judgment, depending on which expert opinions, if any, remain admissible; (3) avoid duplicative briefing, including the possibility that the Parties would brief factual or evidentiary issues based on expert opinions that are subsequently excluded; and (4) promote efficient resolution of the merits, particularly given the number of experts and the potentially significant role their opinions may play in the Parties' substantive arguments.

The *May* Plaintiffs thus respectfully request that, if the *May* Plaintiffs file *Daubert* motions or motions in limine before the deadlines reflected in the Worksheet, the Court consider those motions at an appropriate time rather than automatically deferring their consideration until after summary judgment or other substantive motion. The *May* Plaintiffs are not presently asking the Court to alter the proposed schedule or to establish an earlier expert-motion deadline. Rather, they simply wish to preserve the ability to raise those issues earlier if, after expert

discovery closes, it becomes clear that doing so would promote the efficient resolution of the case.

The *Carralero* Plaintiffs' Position: As previously stated in the Parties' Joint Rule 26(f) Report, the *Carralero* Plaintiffs oppose the use of expert witnesses in this case on the grounds that the constitutional issues presented by the complaint implicate no evidentiary issues at all (other than a minimal inquiry into Plaintiffs' standing). Addressing a similar challenge on appeal, the Seventh Circuit in *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012) reversed a decision granting a motion to dismiss and, rather than remanding for discovery (expert or otherwise), summary judgment, and (if necessary) trial, it ordered judgment entered for plaintiffs noting "there [were] no evidentiary issues in [the] case[]" because "the constitutionality of the challenged statutory provisions [did] not present factual questions for determination at trial" but rather turned on "legislative facts," i.e., "facts that bear on the justification for legislation, as distinct from facts concerning the conduct of the parties in a particular case."

The same reasoning applies here, and the facts bearing on the justification for the challenged legislation can be addressed in briefing and argument, just as they were in *Moore* and in other cases presenting issues similar to this case. *See, e.g.*, *Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 5 F.4th 407 (4th Cir. 2021), vacated as moot, No. 19-2250, slip op. at 7 (Sept. 22, 2021); *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338 (5th Cir. 2013); *Nat'l Rifle Ass'n, Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185 (5th Cir. 2012); *Jones v. Bonta*, 34 F.4th 704, 726 n.24 (9th Cir. 2022), vacated, 47 F.4th 1124; *Teter v. Lopez*, 76 F.4th 938, 946–47 (9th Cir. 2023), vacated, 93 F.4th 1150 (9th Cir. 2024). As the Third Circuit recently explained, on summary judgment courts "may resolve any disputes related to legislative facts, because those are facts subject to judicial notice." *Ass'n of New Jersey Rifle & Pistol Clubs, Inc. v. Att'y Gen. New Jersey*, 183 F.4th 211, 241 n.28 (3d Cir. 2026) (en banc).

Furthermore, both *Bruen* and *Rahimi* underscore that such expert evidence is unnecessary: In neither case did the Court cite or discuss expert evidence, and in both cases the Court emphasized that the task of analogical reasoning is "a commonplace task for any lawyer or judge." *Bruen*, 597 U.S. at 28; *United States v. Rahimi*, 602 U.S. 680, 692 (2024) (quoting *Bruen*).

If the Court reopens expert discovery and adopts the schedule proposed by the *May* Plaintiffs and Defendant Bonta, the *Carralero* Plaintiffs anticipate moving for summary judgment in early 2027, materially before the Rule 56 deadline contemplated by the Schedule of Pretrial Dates Worksheet. To that end, once expert discovery concludes, the *Carralero* Plaintiffs will confer with the *May* Plaintiffs and Defendant and work toward a proposed consolidated briefing schedule to resolve the case on cross-motions for summary judgment.

<u>Defendant Bonta's Position</u>: Defendant Bonta submits that the parties should follow standard pretrial procedures and that any *Daubert* challenges should be heard after motions for summary judgment, in accordance with the pretrial worksheet calendar. Premature consideration of *Daubert* questions would cause undue delay and likely impose unnecessary expense and burdens on the Parties and the Court, particularly if Plaintiffs were to request a live, multi-day hearing devoted solely to *Daubert* before the summary judgment hearing. Moreover, objections to evidence can be dealt with at the summary judgment stage.

On summary judgment, the Court does not weigh the evidence but instead determines whether there exists a genuine dispute about any material fact. The question, then, is not whether any experts are qualified or credible, but whether there is any material factual dispute presented by the expert reports. Further, a ruling on summary judgment will potentially eliminate or at least reduce the number of *Daubert* motions, so hearing the *Daubert* motions after adjudicating the summary judgment motions will conserve resources and be most efficient.

Regardless of timing, any challenge to the admissibility of expert testimony,

whether in the form of a classic *Daubert* motion or some omnibus challenge to the relevance of expert testimony in this case, should be advanced in summary judgment briefing or else proceed via properly noticed motion, so that Defendant may brief his opposition.

**IV. Proposed Summary Judgment Briefing Schedule**

The Parties have proposed May 25, 2027, as the last day to hear any cross-motions for summary judgment. To comply with that schedule, the *May* Plaintiffs and Defendant Bonta propose the following briefing schedule for any cross-motions:

Plaintiffs shall file their motions for summary judgment by February 16, 2027;

Defendant shall file his combined opposition and cross-motion for summary judgment by March 16, 2027;

Plaintiffs shall each file their combined opposition and reply by April 13, 2027; and

Defendant shall file his reply by May 4, 2027.

The *Carralero* Plaintiffs' Position: As noted above, the *Carralero* Plaintiffs are prepared to resolve this case on the merits without further delay. If the Court reopens expert discovery and adopts the schedule proposed above, the *Carralero* Plaintiffs may work with the *May* Plaintiffs and Defendant to set a briefing schedule that resolves the case on an earlier timeframe, i.e., before the last day to hear dispositive motions.

**V. Advisory Jury Trial**

The *May* Plaintiffs' Position: If this case proceeds to trial and if the Court is inclined to impanel an advisory jury under Federal Rule of Civil Procedure 39(c), the *May* Plaintiffs estimate that it will take two days to select a jury and four days for trial. Plaintiffs raise the issue only because Defendant Bonta seeks to enter the expert opinions of *13* experts, making this a contest of facts and not simply the law.

The *Carralero* Plaintiffs' Position: The *Carralero* Plaintiffs take no position

on the advisory jury question at this time and reserve the right to address that issue at an appropriate time in the future.

Defendant Bonta's Position: Defendant Bonta would object to empaneling an advisory jury in this challenge to California laws under the Second Amendment. As a procedural matter, Plaintiffs have never demanded a jury trial, have not cited any particular reason a jury trial would be proper, and jointly agreed to a court trial in the parties' previous joint pretrial dates worksheet. *See* ECF no. 68-1 (filed April 21, 2025). Plaintiffs have waived any right to demand a jury trial, advisory or otherwise. Further, the issues here are constitutional questions the Court can and should address itself. Should the Court be inclined to submit any factual issue in this case to an advisory jury *sua sponte*, Defendant would request an opportunity to brief that issue in full.

Respectfully submitted,

Dated: August 21, 2026

MICHEL & ASSOCIATES, P.C.

*s/ Anna M. Barvir*
Anna M. Barvir
Attorneys for the *May* Plaintiffs

Dated: August 21, 2026

LAW OFFICES OF DONALD KILMER, APC

*s/ Donald Kilmer*
Donald Kilmer
Attorney for the *May* Plaintiffs

Dated: August 21, 2026

BENBROOK LAW GROUP, PC

*s/ Stephen Duvernay*
Stephen Duvernay
Attorneys for the *Carralero* Plaintiffs

Dated: August 21, 2026

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

*s/ Kristi A. Hughes*
Kristi A. Hughes
Deputy Attorney General
*Attorneys for Attorney General Rob Bonta, in his official capacity as Attorney General of the State of California*

**ATTESTATION OF E-FILED SIGNATURES**

I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this JOINT STATUS REPORT REGARDING PROPOSED AMENDED PRETRIAL SCHEDULE. In compliance with Central District of California L.R. 5-4.3.4, I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Date: August 21, 2026

*s/ Anna M. Barvir*
Anna M. Barvir

# APPENDIX A

## Proposed Schedule of Pretrial Dates Worksheet

**APPENDIX A**

JUDGE MÓNICA RAMÍREZ ALMADANI

SCHEDULE OF PRETRIAL DATES WORKSHEET

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
**The Court ORDERS the parties to make every effort to agree on dates.**

**Case No.** 8:23-cv-01696 **Case Name:** In re: Senate Bill 2 litigation

| **Final Pretrial Conference Dates** | **Parties' Joint Date MM/DD/YYYY** | **Court Order** |
|---|---|---|
| Check one: ☐ Jury Trial or ■ Court Trial<br>***[The Court sets the trial date at the Final Pretrial Conference]***<br>Estimated Duration, in days: ________ | N/A | N/A |
| Final Pretrial Conference ("FPTC") [L.R. 16]<br>***[Tuesday at 1:30 p.m., within 12 months of Scheduling Conference]*** | 08/16/2027 | |

| **Event**[1]<br>***Note*: *Motion*** Hearings must be on **Tuesdays at 10:00 a.m.** Other dates can be any day of the week. | **Weeks Before FPTC**[2] | **Parties' Joint Date MM/DD/YYYY** | **Court Order** |
|---|---|---|---|
| Opposition to Motions in Limine Filing Deadline | 3 | 07/26/2027 | |
| Motions in Limine Filing Deadline | 4 | 07/19/2027 | |
| Settlement Conference Completion Date [L.R. 16-15] ***Select one:***<br>■ Mag. Judge<br>☐ Panel<br>☐ Private | 5 | 07/12/2027 | |
| Last Date to ***HEAR*** Daubert Motions **[Tuesday]** | 8 | 06/22/2027 | |
| Last Date to ***HEAR*** Non-Discovery Motions **[Tuesday]**<br>(*see* Procedures page for Rule 56 Motion deadlines) | 12 | 05/25/2027 | |
| Expert Discovery Cut-Off | 14 | 12/16/2026 | |
| Expert Disclosure (Rebuttal) | 17 | 11/16/2026 | |
| Expert Disclosure (Initial) | 21 | 10/16/2026 (supplement) | |
| Non-Expert Discovery Cut-Off<br>(no later than deadline for *filing* dispositive motions) | 24 | N/A | |
| Last Date to *Hear* Motions to Amend Pleadings/Add Parties ***[Tuesday] 90 days after Rule 16 Scheduling Conference]*** | | N/A | |

[1] Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

[2] This is the Court's recommended default timeline for certain events. The parties may propose alternate dates based on the needs of each individual case.

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *In re: Senate Bill 2 Litigation*
Case No.: 8:23-cv-01696 MRA-ADS

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**JOINT STATUS REPORT REGARDING PROPOSED AMENDED PRETRIAL SCHEDULE**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Carolyn Downs
carolyn.downs@doj.ca.gov
Viviana M. Hanley
viviana.hanley@doj.ca.gov
Kristi A. Hughes
kristi.hughes@doj.ca.gov
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
*Attorneys for Defendant*

Stephen Michael Duvernay
Steve@benbrooklawgroup.com
Bradley A Benbrook
Brad@benbrooklawgroup.com
Attorneys for the *Carralero* Plaintiffs

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2026, in Long Beach, California.

s/ *Haydee Villegas*
Haydee Villegas